Steven ROLIARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 48053.

Court of Criminal Appeals of Texas.

March 13, 1974.

Oliver James Moak, Huntsville, for appellant.

Jerry A. Sandel, Dist. Atty., Erwin G. Ernst, Deputy Dist. Atty., Huntsville, Texas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to commit rape; the punishment, twelve years.

Appellant raises four grounds of error, none of which challenges the sufficiency of the evidence.

In ground of error number one, appellant complains that the State violated Article 38.29, Vernon's Ann.C.C.P., by bringing out the fact on cross-examination of appellant that appellant had previously been placed on probation, when appellant's probation had in fact been revoked.

The following exchange took place:

"Q  (by prosecutor) You were charged with burglary, weren't you?

A  (by appellant) Yes sir.

Q And you entered a plea of guilty to that charge on that date, did you not?

A Yes, I did.

Q And you were placed on five years probation . . . '

BY THE COURT: Okay, that's all as to this testimony.

BY THE PROSECUTOR: All right, I'm sorry, Your Honor."

The testimony was admissible because appellant was placed on probation and it was revoked. Art. 38.29, V.A.C.C.P.

 In grounds of error two and three appellant contends that his cross examination of the prosecutrix as to previous "acts of misconduct" was unduly limited by the trial court. Appellant's counsel attempted to elicit from the prosecutrix certain information concerning her use of marihuana, in particular whether or not she had ever smoked marihuana, how often she smoked marihuana, and whether she had ever smoked marihuana in the presence of her husband and co-indictee Jim Bill Barron.

We find no error in the trial court's action. Appellant's counsel was attempting to impeach the credibility of the prosecutrix with testimony concerning matters which were totally irrelevant to the issues involved. Only convictions of a felony or offenses involving moral turpitude are available for this manner of impeachment. Art. 38.29, supra.

In his last ground of error appellant asserts that the trial court erred in refusing to admit evidence of a statement made by co-indictee Jim Bill Barron.

 Barron did not testify at trial. Appellant attempted to have the statement admitted on the basis that it showed Barron's state of mind. The trial court properly pointed out that Barron was not on trial and his state of mind at the time of the of-

fense was not relevant. The statement clearly constituted hearsay. No error is shown.

Finding no reversible error, the judgment is affirmed.