Clarence BROWN

v.

The STATE of Texas, Appellee.

No. 465–84.

Court of Criminal Appeals of Texas, En Banc.

June 26, 1985.

Sharon E. Giraud (court-appointed), Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, David L. Richards, Robert K. Gill, Sharen Parrish and J. Michael Worley, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION AND STATE'S CROSS-PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of the offense of aggravated robbery. See V.T. C.A. Penal Code, § 29.03. Punishment, enhanced by a prior felony conviction, was assessed by the jury at fifty years imprisonment in the Texas Department of Corrections. On appeal to the Fort Worth Court of Appeals, the conviction was affirmed. *Brown v. State,* 667 S.W.2d 630 (Tex.App. —Fort Worth 1984). Appellant petitioned this court for discretionary review alleging three grounds for review, and the State cross-petitioned for discretionary review alleging a single ground for review. We granted both petitions to determine wheth-

er the court of appeals correctly decided the issues before it.

■ In appellant's first ground for review, he contends that the court of appeals erred in affirming the judgment of the trial court because the trial court erred in denying his motion for a mistrial following the State's cross-examination of appellant regarding a probation revocation. The record reflects the following exchange took place between the prosecutor and appellant during the guilt-innocence phase of trial:

"Q. Are you the same Clarence Brown that on the 20th day of December, 1977, in Criminal District Court No. 1 of Tarrant County, Texas, in Cause No. 10682, that was convicted of burglary of a motor vehicle, and sentenced to the Texas Department of Corrections?

"A. Yes, I am, but I wasn't convicted.

"Q. Did you go to the penitentiary?

"A. Yes, I did, of my own free will.

"Q. Did the Court send you to the penitentiary?

"A. Yes, under my own free will.

"Q. The Court sentenced you to go to the penitentiary and you went, is that correct?

"A. Yes, they did.

"Q. You don't think—You don't mean to say that you weren't convicted. You mean that you didn't have a trial, is that right?

"A. I mean that I wasn't convicted.

"Q. But you did go to the penitentiary?

"A. Yes, I did.

"Q. And you are saying that you went to the penitentiary because you wanted to go to the penitentiary?

"A. Well, I broke the law of society, so I had to go pay my dues.

"Q. Okay. You were convicted of an offense, a felony offense, and you went to the penitentiary, right?

"A. I wasn't convicted.

"Q. Okay. On that day, you also had your probation revoked, is that correct?

"MR. GILFEATHER: I'm going to object, Your Honor. That's not a proper question. It's not proper for impeachment, and it's an attempt to inflame and prejudice the Jury.

"THE COURT: Sustained.

"MR. GILFEATHER: We would move the Court to instruct the Jury to disregard that last question.

"THE COURT: The Jury will disregard that last question.

"MR. GILFEATHER: And we feel, in all due respect for the Court, that no amount of instruction can cure the bias and prejudice that's been caused by that question, and we respectfully request a mis-trial.

"THE COURT: Overruled.

"MR. GILFEATHER: Note my exception.

"Q. [By the prosecutor] Are you the same Clarence Brown that in Cause No. 4326, in Criminal District Court No. 1 of Tarrant County, on September 2nd, 1977, was convicted for the offense of unauthorized use of a motor vehicle, and was sentenced to the penitentiary?

"A. I was not sentenced. I was not convicted.

"Q. But you went to the penitentiary for that case.

"A. Yes, it's the same case.

Before the Fort Worth Court of Appeals, appellant contended that the trial court's failure to grant a mistrial was error in light of our decision in *Cross v. State*, 586 S.W.2d 478 (Tex.Cr.App.1979).

The court of appeals overruled appellant's contention, stating:

"*Cross* held that it was error to admit, during the guilt-innocence phase of the trial, *proof of the misconduct* for which the defendant's probation was revoked. [*Id.* at 481] The Court further held that because a preponderance of the evidence standard controls in probation revocation proceedings, rather than the standard of proof beyond a reasonable doubt, a probation revocation does not fall within the 'conviction exception' to the general rule

forbidding impeachment by proof of prior acts of misconduct. [*Id.*] (Emphasis original.)

In the case before us, the prosecutor's question asked only whether appellant's probation had been revoked, making no reference whatsoever to the specific misconduct or grounds for the revocation. Thus, the specific error committed in *Cross* did not occur in appellant's case. However, in light of the further holding of *Cross*, stated above, we believe that it was error for the prosecutor to have asked appellant whether his probation had been revoked, regardless of the fact that no reference to the grounds of revocation was made. [footnote 2]

[Footnote 2] We note that in this case, as in the *Cross* case, proof of the probation revocation was unnecessary as the State had available alternative methods of proof of appellant's prior convictions for impeachment and the burden would have been on appellant to then show that either of the convictions was not final. *Cross,* supra at 481."

*Brown,* supra, at 633.

The Fort Worth Court of Appeals ruled against appellant's contention by finding first, that the specific question asked by the prosecutor regarding the revocation of probation was proper since it did not refer to the specific acts of misconduct upon which the probation revocation was based; second, that it was improper, however, to refer to the probation revocation regardless of reference to specific acts of misconduct; and third, even though mention of the revocation was improper, the error was harmless and did not require reversal.

In its petition, the State assails the appellate court's second finding. The State contends that the appellate court incorrectly applied this Court's decision in *Cross,* supra, and should have applied the holding voiced in *Roliard v. State,* 506 S.W.2d 904 (Tex.Cr.App.1974). Appellant's first ground for review attacks the appellate court's third finding that the error was harmless.

In order to address both contentions on this issue, a brief factual history is necessary. In 1975, appellant was charged with unauthorized use of a motor vehicle. He pled guilty and was placed on six years probation. On September 2, 1977, an order revoking appellant's probation was entered, alleging the burglary of a motor vehicle and appellant's failure to report to his probation officer as grounds for the revocation. On December 5, 1977, appellant pled guilty to the burglary of the motor vehicle, the offense upon which his probation was revoked, and was sentenced to serve six years imprisonment. This sentence was to run concurrently with the sentence imposed for the conviction for unauthorized use of a motor vehicle. When appellant was charged with the instant offense of aggravated robbery, the conviction for the burglary of a motor vehicle was used as an enhancement allegation.

Initially, we concur with the court of appeals' finding that the specific error in *Cross* did not occur in this case. In *Cross,* supra, the defendant was questioned about an assault which was used to revoke his probation imposed for a burglary offense. We held that it was error to question the defendant about the assault since he was not convicted for assault: the probation revocation was not a trial, was administrative in nature, and was proved only by a preponderance of the evidence. *Id.* at 481. Thus, in the instant case, the State would have erred had it referred to the facts regarding the burglary of a motor vehicle and failure to report to the probation officer which were used to revoke the probation received for the unauthorized use of a motor vehicle conviction.

Contrary to the State's urging, we also find that the prosecutor erred in referring to the probation revocation. In the instant case, when appellant had his probation revoked for the unauthorized use of a motor vehicle, the burglary offense had not yet been adjudicated. Thus, the prosecutor could not properly inquire as to the grounds for the revocation. This, however, is exactly what occurred at the trial below. After the prosecutor questioned appellant

about the burglary, she asked if he had had his probation revoked the same day he was convicted. This enabled the jury to conclude that the probation had been revoked for the burglary offense.

*Cross*, supra, held that the grounds for a probation revocation may not be raised for impeachment purposes at trial. *Roliard*, supra, simply held that an offense for which probation has been revoked is admissible under Art. 38.29, V.A.C.C.P., as a final conviction. We fail to see why our decision in *Roliard*, supra, should render the question asked in the instant case proper. The State's ground for review is overruled.

By his ground of review, appellant agrees that the question was improper, but contends that the court of appeals erred in determining that the error was harmless. We disagree.

 The mere asking of an improper question will not constitute reversible error unless the question results in obvious harm to the accused. *Yarbrough v. State*, 617 S.W.2d 221, 228 (Tex.Cr.App.1981), citing *Brem v. State*, 571 S.W.2d 314 (Tex.Cr.App.1978). The error caused by asking an improper question will generally be cured if the court instructs the jury to disregard; however, the error will not be cured where it appears that the question alone is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. *Yarbrough*, supra; *Carillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979). Moreover, the ground for the probation revocation was the burglary of a motor vehicle, the conviction for which was properly introduced before the jury. We find that in the instant case, the question was not so harmful that the instruction to disregard was insufficient to cure the error. Appellant's first ground for review is overruled.

 In his second ground for review, appellant contends that the trial court erred, during the punishment phase of the trial, in admitting portions of appellant's "pen packet" which referred to the probation revocation.

The record reflects that when the State offered appellant's "pen packet" for admission into evidence, appellant's counsel objected as follows:

"Your Honor, we would object to the page which I have just shown the court, which begins, 'The State of Texas, number 4326,' on the grounds that it's immaterial and irrelevant in this particular hearing, and it's inadmissible for purposes of showing the kind of prior record in a punishment hearing."

After this objection was overruled, appellant's counsel further objected:

"We would object that, throughout this exhibit there are references made to probation. We would object—They are contained on several pages throughout the exhibit. I believe the Court has seen the exhibit earlier today. We object to each and every reference in the exhibit to probation, and ask the court to strike the same out."

This objection was also overruled.

In *Hernandez v. State*, 599 S.W.2d 614 (Tex.Cr.App.1980), we held that when an exhibit contains both admissible and inadmissible material, the objection must specifically refer to the material deemed objectionable. *Id.* and cases cited therein at 617. See also *Wintters v. State*, 616 S.W.2d 197 (Tex.Cr.App.1981). In the case at bar, the record shows that at least five documents begin with the language "The State of Texas, number 4326." Appellant did not specify the portions of the documents to which he objected. The objection was not, therefore, sufficient to preserve the issue for review.

Furthermore, the objection now advanced concerning the highly inflammatory nature of the evidence differs from the objection offered at trial; therefore, the issue is not preserved for review. *Hodge v. State*, 631 S.W.2d 754 (Tex.Cr.App.1982); see also *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Cr.App.1981) and cases cited therein at 721. Appellant's second ground for review is overruled.

In his last ground for review, appellant contends that the trial court erred in denying his motion for a mistrial following the State's comments in final argument that the jury must reach a verdict or the case must be retried. The record reflects that during the guilt-innocence stage of trial, the prosecutor made the following statement during final argument:

"Let me please ask you, you must reach a decision. You must reach a verdict. If you are unable to reach a verdict, we have to start all over again from day one."

Appellant's counsel made the following objection:

"Your Honor, I am going to object. That's improper argument at this stage of the proceeding. There has been no charge to the Jury concerning that, and it's an attempt to introduce new evidence into the case."

The objection was sustained, and the trial court instructed the jury to disregard the statement. Appellant then requested a mistrial, but the trial court denied the request.

Later, during the punishment phase of the trial, the prosecutor stated:

"It's important that you do your job, and it's important that each one of you reach a verdict that you can all agree to, so that this trial can be concluded, because if you can't reach a verdict at this stage, then we have to start all over."

Appellant's counsel objected on the grounds that the statement was outside of the record and the law in the case. The trial court sustained the objection and instructed the jury to disregard the statement. Appellant requested a mistrial, which was again denied.

■ Initially, there are four traditional areas of permissible prosecutorial jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Cannon v. State*, 668 S.W.2d 401 (Tex.Cr. App.1984); *Denison v. State*, 651 S.W.2d 754 (Tex.Cr.App.1983); *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). Appellant contends that the clear import of the prosecutor's comments in the instant case was that the jury should reach a verdict so that the case would not have to be retried again. The trial court's charge of course contained the criteria that must be met in order for the jury to reach a verdict, e.g. reasonable doubt. The comments of the prosecutor thus construed were contrary to the law and the court's charge.

■ Even if this argument is improper, however, improper jury argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial proceedings. *Cannon v. State*, 668 S.W.2d 401 (Tex.Cr.App.1984), at 404 citing *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980); see also *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977). We have examined the record in the instant case and do not believe that the remarks, although improper, rise to the level of reversible error.

■ Also, the record reflects that appellant's objection was sustained, and the jury was instructed to disregard the arguments. In *Blansett v. State*, 556 S.W.2d 322 (Tex. Cr.App.1977), we stated:

"Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment."

We have examined the record in this light, and find that the arguments were not so prejudicial. We find that the court's oral instructions to disregard the comments and the written instructions in the court's charge were sufficient to remove the harmful effect. Appellant's third ground for review is overruled.

Based upon the foregoing, we affirm the judgments of the trial court and the court of appeals.

Delivered: June 26, 1985

McCORMICK, J., concurs.

ONION, Presiding Judge, dissenting.

I would sustain the State's ground of review and overrule appellant's grounds for review.

CLINTON, Judge, dissenting.

Touching appellant's first ground for review there seems to be differing interpretations of content of the "exchange" between prosecutor and appellant, excerpted from the record by the majority opinion in this cause. The court of appeals found that "the prosecutor's question asked only whether appellant's probation had been revoked, *making no reference whatsoever to the specific misconduct or grounds for the revocation." Brown v. State*, 667 S.W.2d 630, 633 (Tex.App.—Fort Worth 1984).[1] Yet the majority opinion says:

> "Thus, the prosecutor could not properly inquire as to the *grounds for the revocation. This, however, is exactly what occurred at the trial below.* After the prosecutor questioned appellant about the burglary, she asked if he had had his probation revoked the same day he was convicted. This enabled the jury to conclude that the probation had been revoked for the burglary offense."

The question posed is:

> "Q. Okay. On that day, you also had your probation revoked, is that correct?"

And in context of the preceding jousting over whether appellant had been convicted "on the 20th day of December, 1977 ... in Cause No. 10682 ... of burglary of a motor vehicle, and sentenced to the Texas Department of Corrections," the question is certainly ambiguous since his probation was not revoked "on that day." However, if *Roliard v. State*, 506 S.W.2d 904 (Tex.Cr. App.1974) is still the law—as it appears to be [2]—then for purpose of impeachment under Article 38.29, V.A.C.C.P., the prosecutor was entitled to inquire as to the status of probation, for "it is clear that the prior conviction [for unauthorized use of a motor vehicle] would have been admissible had the defendant's probation in fact been revoked," *Zillender v. State*, supra, note 2, *ante;* see also *Elder v. State*, 677 S.W.2d 538 (Tex.Cr.App.1984) (order revoking probation part of "prior criminal record" within meaning of Article 37.07, § 3(a).) That her question may have alluded to an erroneous day did not make the line of inquiry improper; a negative answer would have no doubt alerted her to the error and surely she would not then be precluded from reframing a question related to the correct day when probation was revoked.

Accordingly, if the majority "fail[s] to see why our decision in *Roliard,* supra, should render the question asked in the instant case proper," the majority is myopic. I would sustain the ground for review presented by the State. However, doing that would not finally dispose of this cause for, as I perceive it, appellant also presents error in his third ground for review.

"I don't want to have to try this case again. It has already cost the state ten thousand dollars." If that is "injurious and prejudicial matter ... reasonably calculated to prevent a fair trial before an impartial jury" when injected by a prosecutor during his voir dire examination of a jury panel, *Pennington v. State*, 172 Tex.

---

1. All emphasis throughout is mine unless otherwise indicated.

2. See, e.g., *Zillender v. State*, 557 S.W.2d 515, 519 (Tex.Cr.App.1977); see also *Johnigan v. State*, 628 S.W.2d 852, 853 (Tex.App.—Fort Worth 1982) PDR ref'd; cf. *Hunter v. State*, 640 S.W.2d 656, 659 Tex.App.—El Paso 1982) PDR ref'd.

 From its reading of *Cross v. State*, 586 S.W.2d 478 (Tex.Cr.App.1979), the court of appeals found "it was error for the prosecutor to have asked appellant whether his probation had been revoked, regardless of the fact that no reference to the grounds of revocation was made," *Brown v. State*, supra, at 633. While the court did not mention *Roliard* and its followings, its reading of *Cross* is at odds with them. My own understanding is that *Cross* held "it was error to admit proof of the *misconduct* for which the appellant's probation was revoked," *id.*, at 481; that holding may be easily reconciled with *Roliard* in that proving merely that probation has been revoked does not show the underlying misconduct basing the revocation.

Cr.R. 40, 353 S.W.2d 451, 452 (1962), so it is when not once but twice injected by a prosecutor in his final argument to a jury, first on guilt or innocence and then on punishment. True it is that in *Pennington* the trial judge overruled a proper objection, whereas here both times objection was sustained and the jury instructed to disregard. However, an appeal that the jury act expediently, being "contrary to the law and the court's charge," is grossly unfair, and the vice here making the argument during punishment "manifestly improper" is in the prosecutor's repeating the grossly unfair admonishment after having experienced a sustained objection and instruction to disregard the first time. As in *Pennington,* that was reasonably calculated to prevent a fair trial before an impartial jury.

For the reasons given I respectfully dissent to rulings by which the majority disposes of the grounds for review addressed herein.