Cowen v. State 






NO. 10-89-264-CR


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          CHRISTOPHER COWAN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Madison County, Texas
Trial Court # 8565

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of the aggravated assault of a corrections officer and assessed
his punishment at fifteen years in prison. See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon
Supp. 1991). He complains that the court erred when it: (1) denied his motion for a mistrial; (2)
overruled objections to the State's cross-examination; (3) admitted into evidence reputation
testimony based solely upon specific acts of conduct; and (4) waived the reading of the
enhancement paragraphs. He also argues that the evidence was insufficient to sustain his
conviction and that there was a fatal variance between the judgment entered and the enhancement
offense charged. The judgment will be affirmed as reformed.
          While cross-examining Appellant, the prosecutor asked the following question: "Isn't it
true you have been charged with two assaults on staff since you have been in TDC?" The court
sustained Appellant's objection to the question and instructed the jury to disregard it, but denied
Appellant's motion for a mistrial. Appellant's first point is that the court erred when it denied his
motion.
          Asking an improper question does not constitute reversible error unless there is obvious
harm to the defendant. Yarbrough v. State, 617 S.W.2d 221, 228 (Tex. Crim. App. [Panel Op.]
1981). Furthermore, any error caused by an improper question will generally be cured by the
court's instruction to disregard. Brown v. State, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985). 
The asking of an improper question mandates reversal only when it alone is clearly calculated to
inflame the minds of the jury and is of such a character as to suggest the impossibility of
withdrawing its impression on the jury. Id. Based on the record as a whole, the question above
was not clearly calculated to inflame the minds of the jury, was not of such a character as to
suggest the impossibility of withdrawing its impression upon the jury, or was not obviously
harmful to Appellant. Furthermore, based on the record as a whole, we determine beyond a
reasonable doubt that any error did not contribute to Appellant's conviction or punishment. See
Tex. R. App. P. 81(b)(2). Point one is overruled.
          Points two and three are that the court erred when it overruled objections to the State's
cross-examination of Appellant. In his brief, however, Appellant complains about the overruling
of defense objections during the State's cross-examination of Ronald Walker. These points are
overruled because the complaint on appeal does not comport with the complaint at trial. See Tex.
R. App. P. 52(a).
          Appellant argues in point four that the evidence was insufficient to support his conviction. 
Specifically, he asserts that the State failed to prove that he hit the corrections officer with his
hand, as alleged in the indictment. When reviewing a complaint that the evidence was insufficient,
the question is whether, viewing the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989).
          Joseph Fannin, the corrections officer assaulted by Appellant, testified that Appellant
"sucker punched" him. Tony Mosley, who witnessed the assault, claimed that "[i]t was a hard,
loud hit," and that he could not "say whether [Appellant's] hand was open or closed." (Emphasis
added). Based on this testimony and the record as a whole, the evidence was sufficient to prove
beyond a reasonable doubt that Appellant hit the officer with his hand. Id. Point four is
overruled.
          Appellant complains in point five that the court erred when it allowed Major Cook to
testify during the punishment phase about Appellant's reputation when the testimony was based
solely on specific acts of misconduct. Cook testified, however, that in addition to observing
Appellant's specific acts he had talked with other officers and inmates about Appellant's
reputation. Testimony about a defendant's reputation may be based on discussions with other
officers. Castillo v. State, 739 S.W.2d 280, 292 (Tex. Crim. App. 1987). Accordingly, we
overrule the fifth point.
          Appellant's sixth point is that a fatal variance exists between the judgment and the
enhancement offense alleged in the indictment. He points out that the enhancement paragraph of
the indictment alleged a prior conviction for aggravated robbery with a deadly weapon but that the
judgment describes his prior conviction as aggravated assault with a deadly weapon. 
          Both the indictment and the charge on punishment described Appellant's prior offense as
aggravated robbery with a deadly weapon. Furthermore, the verdict reflects that the jury found
that Appellant "was one time duly and legally convicted of a felony less than capital, as charged
in the indictment in this cause, and, therefore, that the allegations with respect to said prior
convictions, as alleged in the indictment, are `True.'" (Emphasis added). Clearly, the jury found
that Appellant's prior conviction for aggravated robbery was true and based their enhanced
punishment on that crime. The judgment, however, incorrectly reflects that the enhancement
offense was aggravated assault.
          The variance between the indictment and the judgment was apparently the result of a
clerical error. To properly reflect the jury's verdict, the enhancement offense described in the
judgment should have been aggravated robbery. Accordingly, the portion of the judgment which
reads "aggravated assault with a deadly weapon, to wit: a firearm" is reformed to read as follows:
"aggravated robbery with a deadly weapon, to-wit: a firearm." See Tex. R. App. P. 80(b)(2);
Hughes v. State, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973). Point six is overruled because
the variance between the indictment and the judgment was not fatal. 
          After the jury retired to deliberate on punishment, but before they reached a verdict, the
court discovered that it had failed to read the enhancement paragraph to the jury or have Appellant
plead to the enhancement paragraph. The court informed Appellant that he could either waive
reading of the enhancement paragraph and enter a plea thereon or both sides could "re-open" and
the enhancement paragraph would be read to the jury. Appellant waived reading of the
enhancement paragraph and pleaded "not true." He complains in point seven that the court erred
when it failed to read the enhancement paragraph to the jury.
          A defendant may waive the reading of an enhancement paragraph and enter a plea of "not
true," as was done here. See Ex parte Reyes, 172 Tex. Crim. 82, 383 S.W.2d 804, 805 (1964). 
Appellant's complaint that his waiver was not voluntary is not supported by the record. He cannot
complain on appeal about something he waived at trial. See Castillo v. State, 530 S.W.2d 952,
954 (Tex. Crim. App. 1976). Point seven is overruled.
          The judgment is affirmed as reformed. 

                                                                                           BOB L. THOMAS
                                                                                           Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and Justice Vance
Affirmed as reformed
Opinion delivered and filed April 11, 1991
Do not publish



 must be filed by the attorney with us.

      We have reviewed the records in both of Tanner’s cases, and we find that the above
requirements have been met. The Anders brief shows that Tanner’s attorney professionally and
systematically examined the entire record for issues which might arguably support an appeal,
including jurisdiction in the trial court, and concluded there were none. The “Notice to
Appellant” and “Certificate of Service” contained in the Anders brief complies with “3" above. 
Tanner did not file a pro se brief or other response. Our independent review of the record did not
reveal any issues which might arguably support an appeal. Therefore, we affirm the judgment in
each case. Appellate counsel must inform Powell of the results of this appeal and of his right to
file a petition for discretionary review. Sowels, 45 S.W.3d at 694.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed September 12, 2001
Do not publish
CR25