TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00090-CR








Susan Bienek, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 7994, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING








 Appellant was convicted of murder and a jury assessed punishment at nine years
imprisonment. See Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws
883, 913, amended by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen.
Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02, since amended). Appellant claims the trial
court erred in nine points of error raising the following central issues: (1) the trial court failed to
include a jury instruction regarding the due diligence of the grand jury in determining the
deceased's name before declaring it to be unknown in the indictment; (2) the trial court failed to
sustain objections to certain improper arguments made by the prosection; and (3) the evidence is
legally and factually insufficient to support a conviction. We will affirm the conviction.


BACKGROUND


 On January 5, 1993, the mangled body of a newborn infant was found at the
Bastrop County landfill near a garbage bag containing bloody material and letters addressed to
appellant. The Bastrop County Sheriff's Office questioned appellant who admitted that the infant
was her baby and at that time gave one of two written statements to investigators. According to
the statements, appellant awoke at approximately 11:30 p.m. on December 30, 1992, suffering
from cramps, back pain and bleeding. Appellant claims she gave birth to a stillborn child on her
bathroom floor. According to appellant, she held the child for a while and then placed it in an
unheated shed for the night. The next morning she put the baby in one trash bag, put other
bloody materials in a second trash bag, and left both bags in a box at a roadside park. Appellant
told investigators that she had secretly planned to give up the child for adoption because her
family could not afford another child. Co-workers testified that appellant had worn a coat to work
every day in the Fall of 1992 and denied that she was pregnant. 



DISCUSSION 


 In her first point of error, appellant claims the trial court erred in failing to instruct
the jury concerning whether the grand jury exercised due diligence in obtaining the name of the
deceased infant before stating it to be unknown in the indictment. Article 21.07 of the Texas
Code of Criminal Procedure states when the name of a person necessary to be stated in the
indictment is unknown to the grand jury, that fact shall be stated. Tex. Code Crim. Proc. Ann.
art. 21.07 (West 1989). Thus, it is sufficient to state a person's name as unknown in the
indictment if that name is in fact unknown. Appellant argues that under Payne v. State, 487
S.W.2d 71 (Tex. Crim. App. 1972), the State has the burden of proving the grand jury exercised
reasonable diligence in attempting to ascertain the name of the infant.

 At trial, grand jury foreperson Charles Howard Fromme, Jr. stated that Officer
Campos of the Bastrop County Sheriff's Department testified before the grand jury that the child
had no name at his death. A death certificate for the child contained the name Daniel Bienek, but
it was never presented to the grand jury. In Turner v. State, the Texas Court of Criminal Appeals
held that, although the grand jury's diligence was not at issue, where evidence showed that a
newborn infant had been abandoned by its mother and where evidence tended to show there was
no name for that infant, the grand jury did not fail to exercise due diligence by stating the child's
name as unknown in the indictment rather than asking the mother if the child had a name. Turner,
385 S.W.2d 848, 851 (Tex. Crim. App. 1965). In this case, the record reflects that appellant left
her newborn infant in a trash bag, never referred to the infant by name during questioning, and
said at one point that she had planned to give up the child for adoption. Under these
circumstances, the grand jury was justified in stating in the indictment that the child's name was
unknown. Point of error one is overruled.

 In points of error two and three, appellant alleges the evidence is legally and
factually insufficient to support a verdict. When a verdict is challenged on both legal and factual
sufficiency grounds, this Court must first address the legal sufficiency grounds. Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). The critical inquiry in a legal sufficiency
review of a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). This
Court does not ask whether it believes that the evidence at trial established guilt beyond a
reasonable doubt. Id. Instead, the relevant question is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Id.

 The law provides that a person commits the offense of murder by intentionally or
knowingly causing the death of an individual. Penal Code § 19.02 (a)(1). Further, the jury was
instructed that if the evidence showed appellant to be the parent and mother of the deceased child
with a duty to care for this child and further showed that appellant caused the death of the child
by intentionally and knowingly neglecting the child by failing to provide food, shelter and
medical care, then the appellant would be guilty of murder. The trial record shows the
prosecution introduced testimony stating the child was alive at birth and that its death was caused
by exposure resulting from the actions of the appellant. The court need not consider opposing
testimony in this type of review, only whether a reasonable jury could have established the
elements of the crime based on these facts. Jackson, 443 U.S. at 319. We hold that the evidence
was such that a rational trier of fact could have found for the State on the elements of the offense,
and accordingly, appellant's point of error two is overruled.

 In a factual sufficiency review, the court must view the evidence in the light most
favorable to the verdict. Here the court considers all the evidence equally, and will set aside the
verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust." Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd,
untimely filed). In this case, the State presented lengthy expert medical testimony showing the
presence of air in the infant's lungs and bowels. Dr. Norton, a forensic pathologist testifying for
the State, found no signs of intrauterine distress. Because of the lack of indication of intrauterine
distress, the presence of air in the lungs and bowels, and the lack of any other physical
abnormalities, Dr. Norton concluded that the child was not stillborn and his death was caused by
exposure. Relying on the presence of air in its bowels, she estimated that the child lived for at
least thirty minutes and more likely closer to two hours. Dr. Norton also noted that the infant's
severe post mortem injuries probably resulted from a bulldozer operated at the landfill and did not
believe this would cause air to enter the child's bowels. The appellant presented expert testimony
from another forensic pathologist, Dr. Bux, who disagreed with Dr. Norton's findings. Dr. Bux
believed the child had been stillborn, and that the air found in the child's lungs and bowels could
be attributed to decomposition or the post mortem trauma. After considering all the evidence,
including both pathologists' testimony, we cannot conclude that the jury's verdict is so against the
overwhelming weight of the evidence as to be clearly wrong or unjust. Appellant's point of error
three is overruled.

 In points of error four and five, appellant objects to certain statements made by the
prosecution during argument in the guilt and innocence phase of the trial. Appellant failed to
object at trial to the comments raised in points of error four and five, and therefore, waived any
error regarding those particular comments. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993). Appellant's points of error four and five are overruled. 

 In her sixth point of error, appellant claims that the trial court erred in failing to
overrule objections made to improper statements made by the prosecutor during its argument
concerning the page length of the jury's charge. An improper jury argument may constitute
reversible error only if, in the light of the entire record, the argument is extreme or manifestly
improper, violates a mandatory statute, or injects new facts into the trial which may be considered
harmful to the accused. Davis v. State, 840 S.W.2d 480, 488 (Tex. App.--Tyler 1992, pet. ref'd). 
The prosecution's statement neither injected new facts into evidence, nor was it harmful to the
accused. Point of error six is overruled.

 Appellant's seventh point of error claims the trial court erred in not granting a
mistrial following the prosecution's remarks concerning the possibility of a retrial if the jury
deadlocked during the punishment phase. The trial court sustained the objection and instructed
the jury to disregard the statement. Appellant argues that under Brown v. State, , that informing
the jury of the consequences of deadlock during the punishment phase constitutes reversible error.
Brown, 692 S.W.2d 497, 502 (Tex. Crim. App. 1985) However, the Texas Court of Criminal
Appeals further held in Brown that such error may be cured if the trial court issues an instruction
to disregard the statement. Id. The record shows the trial court sustained the appellant's objection
to this statement and issued an instruction to disregard. Appellant's point of error seven is
overruled. 

 In her eighth point of error, appellant claims the trial court erred in overruling an
objection to the prosecution's reference during the punishment phase to other potential opinions
about the propriety of punishing the appellant. A jury argument by a prosecuting attorney that
attempts to persuade the jury to convict the defendant or assess that defendant a particular
punishment because "the people" demand it is considered improper. Motley v. State, 773 S.W.2d
283, 293 (Tex. Crim. App. 1989). Here, the prosecutor was referring to the testimony of six
defense witnesses who believed that punishing the defendant would accomplish nothing. The
prosecutor only noted that it would be improper for him to bring in the remainder of the county's
residents as witnesses. As stated above, an improper jury argument is reversible error only if the
argument is extremely or manifestly improper in light of the entire record, violates a mandatory
statute, or injects new facts into the trial which may be considered harmful to the accused. Davis,
840 S.W.2d at 488. This statement did not encourage the jury to reach a certain result based on
community expectations, nor did it inject new facts into evidence. Under Davis, such statement
is harmless error, and therefore, point of error eight is overruled.

 Appellant's ninth point of error contends the trial court made a similar mistake in
failing to overrule an objection to a statement by the prosecutor to the jury during the punishment
phase that there was "something they had not heard." The statement, viewed in context, cannot
be construed as extremely or manifestly improper, and it also fails to interject new facts into
evidence. See Davis, 840 S.W.2d at 488. Point of error nine is overruled.



CONCLUSION


 The judgment of the trial court is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: October 18, 1995

Do Not Publish



certain statements made by the
prosecution during argument in the guilt and innocence phase of the trial. Appellant failed to
object at trial to the comments raised in points of error four and five, and therefore, waived any
error regarding those particular comments. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993). Appellant's points of error four and five are overruled. 

 In her sixth point of error, appellant claims that the trial court erred in failing to
overrule objections made to improper statements made by the prosecutor during its argument
concerning the page length of the jury's charge. An improper jury argument may constitute
reversible error only if, in the light of the entire record, the argument is extreme or manifestly
improper, violates a mandatory statute, or injects new facts into the trial which may be considered
harmful to the accused. Davis v. State, 840 S.W.2d 480, 488 (Tex. App.--Tyler 1992, pet. ref'd). 
The prosecution's statement neither injected new facts into evidence, nor was it harmful to the
accused. Point of error six is overruled.

 Appellant's seventh point of error claims the trial court erred in not granting a
mistrial following the prosecution's remarks concerning the possibility of a retrial if the jury
deadlocked during the punishment phase. The trial court sustained the objection and instructed
the jury to disregard the statement. Appellant argues that under Brown v. State, , that informing
the jury of the consequences of deadlock during the punishment phase constitutes reversible error.
Brown, 692 S.W.2d 497, 502 (Tex. Crim. App. 1985) However, the Texas Court of Criminal
Appeals further held in Brown that such error may be cured if the trial court issues an instruction
to disregard the statement. Id. The record shows the trial court sustained the appellant's objection
to this statement and issued an instruction to disregard. Appellant's point of error seven is
overruled. 

 In her eighth point of error, appellant claims the trial court erred in overruling an
objection to the prosecution's reference during the punishment phase to other potential opinions
about the propriety of punishing the appellant. A jury argument by a prosecuting attorney that
attempts to persuade the jury to convict the defendant or assess that defendant a particular
punishment because "the people" demand it is considered improper. Motley v. State, 773 S.W.2d
283, 293 (Tex. Crim. App. 1989). Here, the prosecutor was referring to the testimony of six
defense witnesses who believed that punishing the defendant would accomplish nothing. The
prosecutor only noted that it would be improper for him to bring in the remainder of the county's
residents as witnesses. As stated above, an improper jury argument is reversible error only if the
argument is extremely or manifestly improper in light of the entire record, violates a mandatory
statute, or injects new facts into the trial which may be considered harmful to the accused. Davis,
840 S.W.2d at 488. This statement did not encourage the jury to reach a certain result based on
community expectations, nor did it inject new facts into evidence. Under Davis, such statement
is harmless error, and therefore, point of error eight is overruled.

 Appellant's ninth point of error contends the trial court made a similar mistake in
failing to overrule an objection to a statement by the prosecutor to the jury during the punishment
phase that there was "something they had not heard." The statement, viewed in context, cannot
be construed as extremely or manifestly improper, and it also fails to interject new facts into
evidence. See Davis, 840 S.W.2d at 488. Point of error nine is overruled.



CONCLUSION


 The judgment of the trial court is affirmed.



 

 Jimmy Carroll, Chief Justice