**Opinion issued June 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00994-CR

_____

**ABRAHAM PIZANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1314178**

---

## MEMORANDUM OPINION

A jury convicted Abraham Pizano of injury to a child, enhanced by two earlier felony convictions, and assessed his punishment at forty-eight years' confinement. On appeal, Pizano contends that the trial court abused its discretion in admitting letters that Pizano wrote to his girlfriend while incarcerated and

awaiting trial, because the letters are not relevant. Finding no error, we affirm.

## Background

Pizano and Loraine Perez, Pizano's girlfriend, lived together with Perez's two young children, a son and a daughter. During an argument between Pizano and Perez, Pizano pushed Perez onto a sofa, and began to beat Perez. Perez's five-year-old daughter intervened by standing between Pizano and Perez and urging Pizano to stop. Pizano slapped the child's face with his open hand. While Perez held her daughter, Pizano stood over both of them with a knife and threatened to kill Perez. Pizano then left, and nearby neighbors who stood outside and had witnessed part of the struggle called the police. The police arrested Pizano a few days later.

While awaiting trial in this case, Pizano sent forty-eight letters to Perez. In the letters, Pizano states that he was sorry, both to Perez and the children. He urges Perez to recant and to tell the children to testify in his favor. At trial Pizano objected to the relevance of the letters.

## Discussion

### *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion only if the court's decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*,

268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *see Roberts v. State*, 29 S.W.3d 596, 600, (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). A trial court's ruling falls within this zone if the record and the law applicable to the case reasonably support it. *See De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). If the trial court's decision is correct on any theory of law applicable to the case, we will uphold the decision, even if the trial court gives the wrong reason for its decision. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

*Analysis*

Pizano contends that the letters are not relevant under Texas Rule of Evidence 401. Any evidence that is both material and probative is relevant. TEX. R. EVID. 401. Evidence is material if it influences consequential facts. *Mayes v. State*, 816 S.W.2d 79, 84 (Tex. Crim. App. 1991). Evidence is probative if it tends to make the existence of a material fact more or less probable than it would be without the evidence. *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). Evidence that is not relevant is inadmissible. TEX. R. EVID. 402.

The conduct of a defendant subsequent to the alleged commission of a crime that indicates a consciousness of guilt is a circumstance tending to prove that the defendant committed the act with which he is charged. *Brown v. State*, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983); *see Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no writ) ("A 'consciousness of guilt' is perhaps one of the

strongest kinds of evidence of guilt."). A defendant's apology to the victim, even if vague, is also a circumstance indicating guilt. *See Yost v. State*, 222 S.W.3d 865, 877 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that defendant's statements in letter sent from jail that "I am sorry for everything" and "please forgive me" were circumstance indicating guilt). Evidence of a defendant's efforts to induce a witness to alter potential testimony or suppress a witness's testimony also shows a consciousness of guilt. *See Brown*, 657 S.W.2d at 119; *Johnson v. State*, 583 S.W.2d 399, 409 (Tex. Crim. App. 1979); *Garza v. State*, 358 S.W.2d 622, 623 (Tex. Crim. App. 1962).

Almost all of the letters contain an apology, either to Perez or her children. Some of the apologies are vague, such as "I never meant to hurt you," and "I know I was wrong." Others, however, are specific and border on admissions: "I'm sorry that I lost control after you scratched my face." These apologies are relevant as a circumstance indicating Pizano's consciousness of guilt. *See Yost*, 222 S.W.3d at 877.

In most of the letters, after apologizing and expressing his love and devotion, Pizano asks Perez to recant her statements to police that Pizano hit her and her daughter. Pizano asked Perez to coach her children to give conforming statements, as well. He asked Perez to tell her children to say that a jar fell on Perez's daughter's face to explain the bruising on her cheek. Pizano also asked

Perez to sign an affidavit that he had prepared, recanting her previous statement and averring that she had made a false report. He repeatedly pleaded with Perez not to testify and to recant. These attempts to suppress Perez's testimony and to persuade her to recant are relevant to show Pizano's consciousness of guilt. *See Brown*, 657 S.W.2d at 119; *Johnson*, 583 S.W.2d at 409.

Virtually all the letters contain apologetic statements by Pizano or are attempts to induce Perez to alter her statement or not testify. *See Brown*, 657 S.W.2d at 119; *Johnson*, 583 S.W.2d at 409. Only two of the forty-eight letters contain no such statements. A general objection to evidence that consists of both admissible and inadmissible material does not preserve error. *Alvarez v. State*, 536 S.W.2d 357, 361 (Tex. Crim. App. 1976). Rather, a party must specifically object to the material deemed objectionable, so that the trial court may strike the objectionable material. *Brown v. State*, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985). Because the vast majority of the letters are relevant, and Pizano did not specifically object to the two irrelevant letters, the relevance objection was not sufficient to preserve error as to those particular letters. *See id.*

## Conclusion

We conclude that the trial court did not abuse its discretion in admitting Pizano's letters over his relevance objection. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).