ACCEPTED
06-14-00166-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/31/2015 3:22:41 PM
DEBBIE AUTREY
CLERK

IN THE COURT OF APPEALS

SIXTH DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/1/2015 10:43:00 AM
DEBBIE AUTREY
Clerk

TEXARKANA, TEXAS

RODERICK KING
     Appellant

Vs                                 06-14-00166-CR

THE STATE OF TEXAS
     Appellee

---

ON APPEAL FROM

THE 188TH JUDICIAL DISTRICT COURT

OF GREGG COUNTY, TEXAS

TRIAL COURT NO.  43416-A

---

BRIEF ON BEHALF OF APPELLANT

---

TIM CONE
State Bar #04660350
P.O. Box 413
Gilmer, Texas 75644
(903) 725-6270
e-mail:  timcone6@aol.com

ATTORNEY FOR THE APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

RODERICK KING, #1955223
DIBOLL CORRECTIONAL CENTER
1604 SOUTH FIRST STREET
DIBOLL, TEXAS 75941
APPELLANT

ALEX TYRA
P.O. BOX 3653
LONGVIEW, TEXAS 75606
APPELLANT'S COUNSEL AT TRIAL

DEBBIE GARRETT AND CHRIS BOTTO, GREGG COUNTY ASSISTANT
CRIMINAL DISTRICT ATTORNEYS
101 E. METHVIN
LONGVVIEW, TEXAS 75601
APPELLEE'S COUNSEL AT TRIAL

TIM CONE
P.O. BOX 413
GILMER, TX 75644
APPELLANT'S COUNSEL ON APPEAL

ZAN BROWN
GREGG COUNTY ASSISTANT CRIMINAL DISTRICT ATTORNEY
101 E. METHVIN
LONGVIEW, TEXAS
APPELLEE'S COUNSEL ON APPEAL

# **TABLE OF CONTENTS**

                                                                        Page No.

List of Parties and Counsel………………………………………….    2

Table of Contents………………………………………………….    3

Index of Authorities……………………………………………    4

Statement of the Case……………………………………………….    6

Point of Error Number One……………………………………………    7,12
    The evidence is insufficient to support a conviction.

Point of Error Number Two……………………………………………    8,14
    The trial court erred in overruling that the prosecutor's argument
was improper.


Statement of Facts……………………………………………….    8

Summary of Argument………………………………………….    11

Conclusion and Prayer……………………………………………..    15

Certificate of Compliance……………………………………….    16

Certificate of Service…………………………………………    16

# INDEX OF AUTHORITIES

PAGE

## STATE CASES:

Brooks v. State, 323 S.W. 3d 893 (Tex.Crim.App. 2010)    12
Brown v. State, 692 S.W. 2d 497 (Tex.Crim.App. 1985)    14
Jackson v. State, 17 S.W. 3d 664 (Tex.Crim.App. 2000)    14
Johnson v. State, 364 S.W. 3d 292 (Tex.Crim. App. 2012)    14
Johnson v. State, 23 S.W. 3d 1 (Tex.Crim.App. 2000)    12
Lane v. State, 151 S.W. 3d 188(TexCrim.App. 2004)    12
Malik v. State, 953 S.W. 2d 234 (Tex.Crim.App. 1997)    13
Young v. State, 14 S.W. 3d 748 (Tex.Crim.App. 2000)    12

NO. 06-14-00166-CR

IN THE

COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS


RODERICK KING,
                                    APPELLANT
            VS.

THE STATE OF TEXAS
                                    APPELLEE


TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the Appellant by and through his Attorney, namely Tim Cone, hereinafter referred to as Appellant, and submits this brief in support of reversing the judgment and sentence pursuant to the provisions of the Texas Rules of Appellate Procedure in Cause No. 06-14-00166-CR in the 188th Judicial District Court of Gregg County, Texas, (Trial Court Cause No. 43,416-A).

## STATEMENT OF THE CASE

On January 30, 2014, Roderick King was indicted by the Gregg County Grand Jury for the offense of Assault Family Violence Enhanced, a third degree felony. CR1. The indictment was a two paragraph indictment, with the only difference in the two paragraphs being the Cause Number of the underlying misdemeanor Assault Family Violence offense that enhanced the present offense to a felony. At trial, the State abandoned the first paragraph and proceeded to trial on the second paragraph (Paragraph B).CR1, 4RR12.

On July 17, 2014, a hearing was held based on the Appellant's request that his bail be reduced.2RR. The request was denied.2RR21. On August 15, 2014, a status hearing was held in which the Appellant testified he wanted to forego the services of an expert and proceed to trial.3RR6. He also testified he rejected a plea bargain offer of a seven year probation with SAFP.3RR12.

On August 25, 2014, the jury was selected.4RR. Prior to jury selection, the State filed a notice of an enhancement allegation, raising the possible level of punishment to a second degree felony.CR14,4RR9. The record shows the Appellant's trial attorney was aware of the State's intention in this regard as of August 15, 2014.4RR10,11.

On August 26, 2014, trial began and ended.5RR. The jury found the Appellant guilty of the felony set out in the indictment.5RR153. At the punishment phase of the trial, the Appellant pled true to the enhancement allegation, making the offense a second degree felony.6RR12. The jury assessed punishment at seven years confinement in TDCJ-ID.6RR36. No fine was assessed. The Appellant now appeals this judgment of conviction.

It should be noted that the disk of the clerk's recorded provided to prepare this brief does not contain page numbers.  It is in PDF format and has item numbers but no page numbers.  The numbers used in this brief are the item numbers as there are no page numbers noted.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and Roderick King will be referred to as "Defendant" or "Appellant."

## ISSUES PRESENTED

## POINT OF ERROR NUMBER ONE

The evidence is insufficient to support a conviction.

## POINT OF ERROR NUMBER TWO

The trial court erred in overruling that the prosecutor's argument was improper.

## STATEMENT OF THE FACTS

As sufficiency of the evidence is a point of error, a rendition of the evidence produced at trial is necessary. The trial was relatively brief, however. The State called four witnesses-the complaining witness (Joyce Dawkins), her brother (George Sanders), the first police officer on the scene (Suzzanne Hardee), and the police investigator (Trevor Yates). There was some discussion as to whether the Appellant would testify at trial, but, ultimately, he did not and he called no witnesses during either phase of the trial.5RR114-119.

The complaining witness, Joyce Dawkins, testified she and the Appellant lived together at her home and her brother, George Sanders, also lived in the home as the only other resident.5RR21,22. Ms. Dawkins testified she came home from work on

November 15, 2013, and was tired.5RR23. Although she initially indicated her relationship with the Appellant was platonic, she later described the relationship as a dating relationship.5RR22. Ms. Dawkins testified she tried to lay down in the bedroom and an argument ensued between her and the Appellant.5RR24. She did admit she was upset regarding another woman she thought was a girlfriend of the Appellant.5RR29. She testified she left the bedroom and went to the dining room when the Appellant turned on a fan in the bedroom, which was an action that irritated her.5RR24. Ms. Dawkins testified she was in the bedroom when her brother came home but he later testified she was in the dining room when he came home and went to his own room.5RR39,53. Nonetheless, at some point, the Appellant entered the dining room and, according to Ms. Dawkins, the argument turned into a physical confrontation.5RR24. While the description of the physical aspect of the incident varied at different times in the testimony, it seems clear Ms. Dawkins forehead and arm received bodily injury as a result.5RR25. Although the indictment set out an allegation that the injury was caused by the Appellant striking her with his hand, Ms. Dawkins could not describe how she received her injuries.5RR32,33. In fact, she testified that the striking of her by the Appellant's hand was not hard enough to cause the injuries she received.5RR32. Ms. Dawkins testified she did not know how she got the knot on her head.5RR32. Ms. Dawkins called the police and the Appellant left the residence, as she had wanted him to do.5RR40,43. Ms. Dawkins told the officer

who came to the scene, Suzzanne Hardee, that the injury to her head hurt a little but "not too bad." 5RR79. Ms. Dawkins testified she had signed an affidavit of non-prosecution and never expected the matter to go as far as it did.5RR44.

George Sanders, Ms. Dawkins' brother testified he came home and his sister was seated in the dining room.5RR53. He went to bed and then heard a commotion, went to the dining room and the altercation between the Appellant and Ms. Dawkins stopped.5RR50-54. Ms. Dawkins called the police and the Appellant left.5RR60. Mr. Sanders did not see any of the altercation and did not really know what happened.5RR61. He did testify his sister was unhurt when he came home and she received the injuries before he came out of his room after hearing the commotion.5RR61.

The police officer at the scene, Suzzanne Hardee testified she saw the injuries of Ms. Dawkins, which qualify as bodily injury.5RR66,67. Ms. Dawkins refused any medical treatment and did not request an Emergency Protective Order.5RR79,82. She also took pictures of the injuries. State's Exhibit 2, 2A. The State's last witness was Detective Trevor Yates, to whom the case was assigned for follow-up investigation. 5RR94.He tried telephoning the Appellant and sending a letter to the Appellant at Ms. Dawkins' residence-a place he ceased to reside as of the night of the incident. 5RR98,99.The detective testified the case was of a low priority and he never talked to the Appellant or made any significant effort to locate him.5RR106;5RR94-106.

During closing arguments, the State made an argument that referred to an example made regarding causation the Appellant's trial counsel used during jury selection and then showed the Appellant made no production of evidence at trial regarding causation.5RR134. The Appellant's trial attorney objected to the improper argument as an effort to shift the burden of proof to the accused at trial.5RR134. The trial court overruled the objection while stating the burden of proof is on the state.5RR134. After arguments, the jury convicted the Appellant of the allegation set forth in the indictment.5RR153.

During the punishment phase of the trial, the Appellant pled true to the enhancement allegation that elevated the offense to a second degree felony and he stipulated to other prior convictions.6RR12,14. After arguments, the jury assessed a sentence of seven years confinement in TDCJ-ID.6RR36.

## SUMMARY OF THE ARGUMENT

The indictment is quite specific in setting out an allegation that the Appellant caused Ms. Dawkins bodily injury by striking her with his hand-specifically, that the hand caused the injury. At trial, the evidence did not show how Ms. Dawkins injuries

were received. In fact, Ms. Dawkins specifically testified that the striking of her by the Appellant's hand was not severe enough to cause the injuries she received. The evidence, therefore, is insufficient to support the verdict.

There are only specific areas of proper jury argument allowed to be made by the State during closing arguments. The argument made by the State clearly was an attempt to shift the burden of proof to the Appellant, which is an improper argument. The objection made by Appellant's trial counsel was overruled. This ruling is error and the harm caused by the attempt to improperly shift the burden is shown by the verdict in a case where the Appellant produces no evidence through exhibits or witnesses.

## POINT OF ERROR NUMBER ONE

The evidence is insufficient to support a conviction.

## ARGUMENT

The proper analysis for sufficiency of the evidence is that the evidence will be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010); Johnson v. State, 23 S.W.3d 1 ((Tex.Crim.App. 2000); Lane v. State, 151 S.W.3d 188 (Tex.Crim.App. 2004); and Young v. State, 14 S.W.3d 748 (Tex.Crim.App. 2000). Legal sufficiency

is also measured by the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234 (Tex.Crim.App. 1997).

Analyzing the case at bar under the above authorities, the evidence is insufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt regarding the offense as set out in the indictment. As set out in the statement of facts, the only evidence produced at trial regarding how the injuries to Ms. Dawkins were incurred was the testimony of Ms. Dawkins, herself. Her testimony clearly established that she did not know how her injuries were inflicted but she did not believe the blows from the Appellant's hand were strong enough to inflict the injuries. The indictment did not set out an allegation that the Appellant caused the injuries in some manner unknown, that they were received during an altercation, or that Ms. Dawkins was injured when she hit her head as she fell during the incident. The indictment is quite specific in requiring the State to prove beyond a reasonable doubt that the injuries were caused by the strikes from the hand of the Appellant. The State's evidence not only does not support the allegation, the evidence established that the injuries were received in a manner other than the method set out in the indictment. Should this matter be reviewed as a variance issue, the variance between the allegation is certainly material and, therefore, requires reversal. Johnson v. State, 364 S.W.3d 292 (Tex.Crim.App. 2012). Simply stated, no

rational trier of fact could find beyond a reasonable doubt that the injuries Ms. Dawkins received were from the Appellant striking her with his hand.

## POINT OF ERROR NUMBER TWO

The trial court erred in overruling that the prosecutor's argument was improper.

## ARGUMENT

There are four proper areas of jury argument by the State. They are: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to opposing counsel's arguments, or (4) a plea for law enforcement. Jackson v. State, 17 S.W.3d 664 (Tex.Crim.App.2000); Brown v. State, 692 S.W.2d 497 (Tex.Crim.App. 1985). At trial, during the closing argument made by the State, the prosecutor made a specific reference-not to opposing counsel's argument-but to a specific example about drawing erroneous conclusions that counsel utilized to make a point during jury selection. The specific argument made by the prosecutor strongly suggested that the Appellant had brought no evidence of how Ms. Dawkins received her injuries from the Appellant. This argument clearly invited the

jury to consider that the Appellant presented no evidence along these lines. A timely, specific objection was made by Appellant's trial counsel as to the improper argument. Although the trial court instructed the jury the burden of proof was on the State, the objection was overruled. The ruling on the objection was completely at odds with the court instruction. The only logical deduction the jury could make was that the prosecutor's argument was correct-even though it was improper. Since the case was one that completely relied on the State's failure to meet their burden, the court's failure to sustain the objection and immediately instruct the jury the prosecutor's argument was improper harmed the Appellant. The ruling by the trial court was error and not harmless.

## CONCLUSION AND PRAYER

For the reasons herein alleged, the judgment and sentence of the trial court should be reversed and an acquittal rendered or, in the alternative, reversed and remanded for a new trial.

Respectfully submitted,

/s/Tim Cone

_____

TIM CONE
Attorney At Law
P.O. Box 413
Gilmer, Texas  75644
e-mail:  timcone6@aol.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1570 words.

/s/Tim Cone

_____

TIM CONE
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief has been provided to the Honorable Zan Brown,  Gregg County Assistant Criminal District Attorney on March 31, 2015.

/s/Tim Cone

_____
TIM CONE
Attorney At Law