NO. 07-01-0477-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 22, 2002

_____

HENRY LEE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,982-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Upon a plea of not guilty, appellant Henry Lee Moore was convicted by a jury of unlawful possession of a firearm by a felon, enhanced, and punishment was assessed at

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

45 years confinement.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so.  Appellant filed a *pro se* brief; however, the State did not favor us with a brief.

Appellant and the complaining witness are related by marriage and at the time of the incident, appellant was living with complainant in his duplex.  Complainant called police officers on April 29, 2001, to report that appellant had been drinking and that shots had been fired.  Several police officers responded to the call and after investigating at the

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

scene determined that appellant was not drunk and that no shots had in fact been fired. However, upon questioning by the officers, appellant admitted possessing a pistol that was discovered in a bag in a closet and acknowledged that it was unlawful for him to possess a firearm because he was on parole. Pursuant to the wishes of complainant that he did not want appellant in his home, a trespass warning was issued and appellant was asked to gather his belongings and leave. He was later charged with unlawful possession of a firearm[2] and pursuant to a not guilty plea, was convicted by a jury. During the punishment phase appellant plead true to both enhancement paragraphs and was sentenced to 45 years confinement.

Appellant's parole officer testified that appellant was released on parole on July 23, 1999, and would remain on parole until July 25, 2007. Section 46.04(a)(1) of the Texas Penal Code prohibits a convicted felon from possessing a firearm after conviction and before the fifth anniversary of his release from parole. Although the defense presented evidence from complainant's half-brother that several months prior to the incident, complainant was in possession of the pistol and claimed he needed it for protection, the evidence is sufficient to establish the elements of the charged offense.

Counsel presents one arguable issue by which he asserts that appellant was denied effective assistance of counsel in the cross-examination of the complaining witness when

_____

[2]Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon Supp. 2003).

the trial court refused to allow inquiry into his arrest and conviction for misdemeanor possession of marihuana because it was not a crime involving moral turpitude as required by Rule 609 of the Texas Rules of Evidence. Rule 609 provides that for impeachment purposes, evidence that a witness has been convicted of a crime is admissible if the crime was a felony or involved moral turpitude and its probative value outweighs its prejudicial effect. Pursuant to the State's motion in limine which was granted, the court ruled that prior to questioning complainant about prior convictions that were not felonies or did not involve moral turpitude, counsel should approach the bench. While cross-examining complainant, counsel approached the bench to discuss prior convictions. The court ruled that a conviction for possession of marihuana was inadmissible.

Exclusion of inadmissible testimony does not render defense counsel's performance ineffective. *See* Ybarra v. State, 890 S.W.2d 98, 113 (Tex.App.–San Antonio 1994, pet. ref'd). In Roliard v. State, 506 S.W.2d 904, 905 (Tex.Cr.App. 1974), the Court found no error in the trial court's limitation of cross-examination regarding the witness's use of marihuana for purposes of impeachment. The Court noted that "[o]nly convictions of a felony or offenses involving moral turpitude are available for . . . impeachment." *Id*. Thus, defense counsel's failure to cross-examine complainant regarding a misdemeanor conviction for possession of marihuana did not amount to ineffective assistance of counsel. *See also* In re Lock, 54 S.W.3d 305, 311 (Tex. 2001) (holding that it could not conclude

that possession of a controlled substance was a crime of moral turpitude per se in an action to determine whether an attorney is unfit to practice law).

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Appellant raises ineffective assistance of appellate counsel by his *pro se* brief and requests that we set aside the *Anders* brief and appoint new counsel. However, having determined that this appeal is frivolous, appellant is not entitled to new counsel. *Penson*, 488 U.S. at 80. *See also* McCoy v. Court of Appeals of Wisconsin, District 1, 486 U.S. 429, 436-37, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988) (holding that counsel is under an ethical obligation to refuse to prosecute a frivolous appeal).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>
Justice

Do not publish.