**Joe Allen SPARKMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 57181.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 2, 1979.

---

Bertrand C. Moser, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, and Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appellant was convicted of the offense of aggravated rape. Sentence was assessed at fifty years. Appellant's counsel filed a brief raising one ground of error.

The contention is that the trial court erred by allowing testimony at the punishment stage of the trial concerning appellant's reputation for being peaceful and law-abiding. In 1969 appellant was convicted of robbery. However, that conviction was set aside in federal court on the grounds that appellant had been incompe-tently represented by counsel. The State then dismissed the indictment.

Appellant was convicted in this cause after a jury trial. His counsel filed a pretrial motion in limine to exclude any reference at trial to the 1969 robbery conviction. That motion was granted, and no mention was made of the conviction during the trial on the merits. At the punishment hearing the State called as a witness Calvin Botley, Chief of the Houston Office of the Attorney General of Texas. Appellant's counsel conducted extensive voir dire examination of Botley's qualifications as a character witness. Botley testified that he had represented the State in the federal habeas corpus hearing at which appellant's 1969 robbery conviction was set aside. The examination established that Botley's knowledge of appellant's reputation for being a peaceful and law-abiding citizen was based on his preparation for that federal habeas corpus hearing:

"Q: All right. Now, isn't it true that your knowledge of Joe Sparkman's reputation is based entirely on the investigation you did in preparing for that writ hearing?

A: Yes, sir. to some extent, of course, as all lawyers do, they investigate cases that you're handling, and from information attained and from reading the prior record in the case, that's the extent of my knowledge.

\* \* \* \* \* \*

Q: Do you have knowledge of Mr. Sparkman's reputation in the community in which he resides and among the people he knows?

A: That's correct, yes, sir.

Q: Now, let me pin this down. From whom do you know that reputation?

A: Well, let me explain it this way, if I may. Prior to the federal court proceeding, I went out to, I believe, it's called the K–Bar Lounge to talk to persons there, and to talk to anybody that had any information upon the—that had some bearing upon the case. In the process, we were trying to ascertain distances from

the alleged scene of the offense, distances to there and back, and possibly anybody that had any information on him. We had excerpts from the district attorney's file, we had the trial record, the opinion of the Court of Criminal Appeals, and we were trying to put it all together, and from the people whom we discussed the matter with, were of the opinion that Mr. Sparkman, I guess, I'd say, was a little wild."

After hearing the voir dire examination, the trial judge allowed Botley to testify that appellant had a bad reputation as a peaceful and law-abiding person. Appellant contends that the admission of that testimony was error for three reasons. First, the testimony was based solely on Botley's discussions about facts leading to a void conviction. Second, the testimony was the "fruit of an unconstitutional conviction." Third, appellant was "effectively denied the opportunity to cross-examine."

The first argument centers on the fact that Botley's knowledge was based exclusively on his involvement in the case overturned in federal court. Appellant draws an analogy to cases in which the witness' knowledge of the defendant's reputation is based solely on a discussion of the case on trial. See, e. g., *Wright v. State,* 491 S.W.2d 936 (Tex.Cr.App.1971). He reasons that "to allow adverse inferences against a defendant for a criminal act not yet proved would be to destroy the presumption of innocence the defendant has to the act charged." Presumably he is arguing that because the robbery conviction was void, allowing Botley's testimony amounted to an "adverse inference" from an act not yet proved.

■ We cannot agree with appellant's analysis for several reasons. First, the voir dire examination does not show conclusively that Botley's knowledge was based entirely on the facts surrounding the *robbery* itself. It indicates only that his knowledge is exclusively based on his *investigation* of the robbery. Botley's testimony shows that he spoke with various persons at the K–Bar

Lounge who gave "information" about appellant. It is not specified in the record the scope of matters discussed with those persons regarding appellant's reputation. Second, the reason for the rule that reputation cannot be based solely on the facts of the case at trial is as stated in *Stephens v. State,* 128 Tex.Cr.R. 311, 80 S.W.2d 980, 982 (1935):

"If the discussion of the charge contained in the indictment could be used as a basis for showing that a man's reputation as a law-abiding citizen was bad, then no man who was on trial could successfully show a good reputation as a law-abiding citizen."

The jury is concerned at the punishment hearing with evaluating a defendant's background and character *independent* of the commission of the crime on trial. In that context the jury may determine the proper punishment. There is no requirement that a defendant's reputation for being peaceful and law-abiding must be based exclusively on final convictions of offenses. If people in a community have developed an opinion of a defendant's reputation, and the character witness has become aware of that reputation through his discussions, the testimony is relevant and admissible.

■ Appellant's second supporting argument for his ground of error is that the character witness testimony was the "fruit of an unconstitutional conviction." We find this argument to be without merit. Appellant's conviction was not set aside because of any misconduct on the part of the State, such as an illegal search, illegal arrest, or improper lineup. There was no "taint" created by the State, and the only reason for the void conviction was a finding that appellant's counsel gave inadequate representation at trial. Exclusion of the character witness' testimony would not serve as a deterrent to State misconduct. Further, the reliability of the witness' testimony would not be affected because it was reputation evidence, not evidence as to appellant's guilt or innocence of the robbery itself.

Finally, appellant contends that his right to cross-examine the character witness was improperly restricted. Appellant's counsel decided to waive cross-examination of Botley. He explained in detail on the record that the reason for the waiver was his feeling that the only way to cross-examine would be to go into the details of the robbery. He therefore contends that appellant was forced to choose between the right to keep the void conviction from the jury and the right to effective cross-examination.

■ We are not persuaded by this contention either. Because appellant's counsel was found to have given improper representation, it was proper to keep from the jury the fact that appellant had been *convicted* of the robbery. However, the actual dilemma faced by appellant's counsel was no different than the problem faced by all attorneys in cross-examining a character witness. That is, the attorney tries to discredit the witness' actual knowledge of reputation without revealing details of the specific extraneous offenses or acts upon which that reputation was derived. By cross-examining on the actual knowledge of reputation, appellant's counsel would not open the door to introduction of the void trial and conviction.

Ground of error number one is overruled.

Appellant has filed a pro se brief raising eight additional grounds of error. We have considered each ground and find them to be without merit.

For these reasons the judgment below is affirmed.