Ronald ELDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 375–83.

Court of Criminal Appeals of Texas, En Banc.

Oct. 10, 1984.

Robert N. Eames, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Fred Marsh, Asst. Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of the offense of murder and punishment was assessed at sixty-five years in the Texas Department of Corrections. Following appeal, the Second Court of Appeals in Fort Worth reversed appellant's conviction on the ground that the trial court erred in admitting a pen packet which contained an order revoking probation. We granted the State's petition for discretionary review to consider that holding.

The pen packet introduced at trial in this cause shows that appellant was convicted of the offense of burglary, and a judgment of probation entered on October 10, 1975. Also contained in the pen packet is an "Order Revoking Probation" dated August 31, 1977, together with a sentence bearing the same date.

The rule has been often stated that under Article 37.07, V.A.C.C.P., at the punishment stage of the trial, the State is authorized to offer evidence of the prior criminal record of a defendant, but that prior criminal record is limited to proof of final convictions. *Morgan v. State*, 515 S.W.2d 278 (Tex.Cr.App.1974). To prove the finality of a probated conviction, the State is required to show that the probation was revoked. See *Spiers v. State*, 552 S.W.2d 851 (Tex.Cr.App.1977), and cases there cited.

The order revoking a probated conviction is undoubtedly part of a defendant's "prior criminal record," just as much as an information or indictment and a judgment are when coupled with a sentence, the trial court's final judgment. *White v. State*, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1961). In fact, in *Ex parte Murchison*, 560 S.W.2d

654 (Tex.Cr.App.1978), this Court held that, in probation cases, the absence of a revocation order prevented the conviction from becoming a "final" conviction for purposes of enhancing punishment.

In reaching their conclusion, the Court of Appeals relied on this Court's prior holding of *Baehr v. State*, 615 S.W.2d 713 (Tex.Cr.App.1981). We have reexamined that holding and are now convinced that we were in error when we concluded that an order revoking probation was not a "prior criminal record" within the meaning of Article 37.07, supra. *Baehr v. State*, supra, is overruled to the extent it conflicts with this holding.

The judgment of the Court of Appeals is reversed and the cause is remanded for consideration of appellant's other grounds of error.

CLINTON and TEAGUE, JJ., dissent.