# NO. 12-09-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL WAYNE CATEN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Michael Wayne Caten appeals his conviction for driving while intoxicated (DWI). In his sole issue, he contends that the trial court abused its discretion when, during sentencing, it admitted an order revoking his probation for a prior offense. We affirm.

### BACKGROUND

Appellant was charged by information with the offense of DWI, enhanced by a prior DWI, a class A misdemeanor. He pleaded guilty to the charged offense, but contested the enhancement. He was found guilty of DWI as a first offense without the enhancement, a class B misdemeanor. The trial court assessed punishment at confinement for 180 days, probated for twenty-four months, conditioned on serving forty days in jail as a condition of his probation, with six days of credit for time served. Appellant timely appealed.

### ADMISSIBILITY OF PROBATION REVOCATION ORDER

In his sole issue, Appellant challenges the admissibility during the punishment phase of an order revoking his probation for a prior DWI.

**Standard of Review**

We review a trial court's decision to admit evidence during the punishment phase of trial under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). "The trial court has broad discretion in determining admissibility of evidence at the punishment phase of trial." *Cooks v. State*, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992). If the ruling is within the bounds of reasonable disagreement, it should not be disturbed on appeal. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). An abuse of discretion is shown when the trial court's ruling is "arbitrary or unreasonable," made "without reference to any guiding rules or principles." *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g).

## Applicable Law

During the punishment phase, "the jury is concerned . . . with evaluating a defendant's background and character independent of the commission of the crime on trial." *Sparkman v. State*, 580 S.W.2d 358, 360 (Tex. Crim. App. 1979). The court of criminal appeals has observed that, in assessing what is relevant to sentencing, the important question is "what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).

The Texas Legislature statutorily determined that "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant. . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2009). An order revoking probation is considered a "prior criminal record" within the meaning of article 37.07, and is therefore admissible evidence during the punishment phase. *Elder v. State*, 677 S.W.2d 538, 539 (Tex. Crim. App. 1984).

## Discussion

During the punishment phase of the trial, the State offered an order, signed on February 27, 1985, that revoked Appellant's probation for a prior DWI offense. Appellant objected to the admission of the document on two grounds. First, he argued that the order did not constitute a "judgment," and was therefore inadmissible. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 (Vernon Supp. 2009). Second, he contended that the order was not relevant because it did not show that Appellant was the person named in the document, pointing specifically to the absence of Appellant's fingerprint. He makes the same arguments on appeal.

To establish that a defendant has been convicted of a prior offense, the state must prove

beyond a reasonable doubt that 1) a prior conviction exists and 2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Proving this through a certified copy of a judgment containing fingerprints is but one method, albeit the most common method, to prove the defendant's prior conviction. *See id.* (one method of many); 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 38.148 (2d ed. 2001) (most common method).

For the purpose of this analysis, we asssume without deciding that the trial court's admission of the probation revocation order was erroneous. However, Appellant cannot show how he was harmed by its admission. The order was admitted as general sentencing evidence relevant to his prior criminal record under article 37.07 simply to show that Appellant had once had his probation revoked. *See Elder v. State*, 677 S.W.2d at 539. The order was not admitted to enhance the offense, and the trial court treated this as Appellant's first DWI offense, a class B misdemeanor. Since the probation revocation order was not used as an enhancement, Appellant was not harmed by the admission of the order. *See Wood v. State*, NO. 11-07-00167-CR, 2009 WL 1709250, at *3 (Tex. App.–Eastland June 18, 2009, pet. ref'd) (mem. op., not designated for publication). Nonetheless, Appellant asserts that harm is obvious because he received greater than the minimum punishment. We note, however, that Appellant admitted in his testimony during the punishment phase that he had committed the prior DWI. Because of this admission, Appellant cannot show that the trial court's assessment of more than the minimum punishment was attributable to the admission of the revocation order. Therefore, we cannot conclude that the trial court abused its discretion in admitting the probation revocation order into evidence.

Appellant's sole issue is overruled.


### DISPOSITION

We *affirm* the judgment of the trial court.


**SAM GRIFFITH**
Justice


Opinion delivered January 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)