NO. 12-09-00102-CR

 

IN THE COURT OF APPEALS

 

            TWELFTH COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MICHAEL
WAYNE CATEN,                           '                 APPEAL FROM THE 

APPELLANT

                       

V.                                                                         '                 COUNTY COURT AT
LAW

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 ANDERSON COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Michael
Wayne Caten appeals his conviction for driving while intoxicated (DWI).  In his
sole issue, he contends that the trial court abused its discretion when, during
sentencing, it admitted an order revoking his probation for a prior offense. 
We affirm.

 

Background

Appellant
was charged by information with the offense of DWI, enhanced by a prior DWI, a
class A misdemeanor.  He pleaded guilty to the charged offense, but contested
the enhancement.  He was found guilty of DWI as a first offense without the
enhancement, a class B misdemeanor.  The trial court assessed punishment at
confinement for 180 days, probated for twenty-four months, conditioned on
serving forty days in jail as a condition of his probation, with six days of
credit for time served.  Appellant timely appealed.

 

Admissibility
of Probation Revocation order

            In
his sole issue, Appellant challenges the admissibility during the punishment
phase of an order revoking his probation for a prior DWI.

Standard
of Review

We
review a trial court’s decision to admit evidence during the punishment phase
of trial under an abuse of discretion standard.  Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  “The trial court has broad
discretion in determining admissibility of evidence at the punishment phase of
trial.”  Cooks v. State, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992).
 If the ruling is within the bounds of reasonable disagreement, it should not
be disturbed on appeal.  Shuffield v. State, 189 S.W.3d 782, 793
(Tex. Crim. App. 2006).  An abuse of discretion is shown when the trial court's
ruling is “arbitrary or unreasonable,” made “without reference to any guiding
rules or principles.”  Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990) (op. on reh’g).

Applicable
Law

During
the punishment phase, “the jury is concerned . . . with evaluating a defendant’s
background and character independent of the commission of the crime on trial.”  Sparkman
v. State, 580 S.W.2d 358, 360 (Tex. Crim. App. 1979).  The court of
criminal appeals has observed that, in assessing what is relevant to
sentencing, the important question is “what is helpful to the jury in
determining the appropriate sentence for a particular defendant in a particular
case.”  Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).

The
Texas Legislature statutorily determined that “evidence may be offered by the
state and the defendant as to any matter the court deems relevant to
sentencing, including but not limited to the prior criminal record of the
defendant. . . .”  Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009).  An order revoking
probation is considered a “prior criminal record” within the meaning of article
37.07, and is therefore admissible evidence during the punishment phase.  Elder
v. State, 677 S.W.2d 538, 539 (Tex. Crim. App. 1984).

Discussion

            During
the punishment phase of the trial, the State offered an order, signed on
February 27, 1985, that revoked Appellant’s probation for a prior DWI
offense.  Appellant objected to the admission of the document on two grounds. 
First, he argued that the order did not constitute a “judgment,” and was
therefore inadmissible.  See Tex.
Code Crim. Proc. Ann. art. 42.01 (Vernon Supp. 2009).  Second, he
contended that the order was not relevant because it did not show that
Appellant was the person named in the document, pointing specifically to the
absence of Appellant’s fingerprint.  He makes the same arguments on
appeal.

To
establish that a defendant has been convicted of a prior offense, the state must
prove beyond a reasonable doubt that 1) a prior conviction exists and 2) the
defendant is linked to that conviction.  Flowers v. State, 220
S.W.3d 919, 921 (Tex. Crim. App. 2007).  Proving this through a certified copy
of a judgment containing fingerprints is but one method, albeit the most common
method, to prove the defendant’s prior conviction.  See id. (one
method of many); 43 George E. Dix & Robert O. Dawson, Texas
Practice: Criminal Practice and Procedure § 38.148 (2d ed. 2001) (most
common method).  

For
the purpose of this analysis, we asssume without deciding that the trial
court’s admission of the probation revocation order was erroneous.  However, Appellant
cannot show how he was harmed by its admission.  The order was admitted as
general sentencing evidence relevant to his prior criminal record under article
37.07 simply to show that Appellant had once had his probation revoked.  See
Elder v. State, 677 S.W.2d at 539.  The order was not admitted to
enhance the offense, and the trial court treated this as Appellant’s first DWI
offense, a class B misdemeanor. Since the probation revocation order was not
used as an enhancement, Appellant was not harmed by the admission of the order.
 See Wood v. State, NO. 11-07-00167-CR, 2009 WL 1709250, at *3
(Tex. App.–Eastland June 18, 2009, pet. ref’d) (mem. op., not designated
for publication).  Nonetheless, Appellant asserts that harm is obvious because
he received greater than the minimum punishment.  We note, however, that
Appellant admitted in his testimony during the punishment phase that he had
committed the prior DWI.  Because of this admission, Appellant cannot show that
the trial court’s assessment of more than the minimum punishment was
attributable to the admission of the revocation order.  Therefore, we cannot
conclude that the trial court abused its discretion in admitting the probation
revocation order into evidence.

Appellant’s
sole issue is overruled. 

 

Disposition

            We
affirm the judgment of the trial court. 

 

                                                                                                Sam Griffith

                                                                                                      
Justice

 

 

Opinion delivered January 29,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)