

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| TY DOUGLAS GOSSETT, | | No. 08-11-00227-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 432nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1202346D) |
| | § | |

# **O P I N I O N**

Ty Douglas Gossett pled guilty to unauthorized use of a motor vehicle.[1]   After a

sentencing hearing, the trial court assessed punishment at two years in the Texas Department of

Criminal Justice - State Jail Division.   In a single issue on appeal, Appellant contends that the

trial court abused its discretion by admitting a photograph of a tattoo on his chest.   For the

reasons that follow, we conclude that the trial court did not abuse its discretion.

---

[1] This is one of six companion cases.  Appellant was charged in six separate indictments with six different crimes. He pled guilty as to each offense.  In cause number 1183239D, Appellant was convicted of forged government instrument - money/securities and sentenced to fifteen years in the Texas Department of Criminal Justice - Institutional Division.  In cause number 1183500D, Appellant was convicted of burglary of a building and sentenced to two years in the Texas Department of Criminal Justice - State Jail Division.  In the instant case (cause number 1202346), Appellant was convicted of unauthorized use of a vehicle and sentenced to two years in the Texas Department of Criminal Justice - State Jail Division.  In cause number 1202379D, Appellant was convicted of evading arrest/detention with a previous conviction and sentenced to two years in the Texas Department of Criminal Justice - State Jail Division.   Finally, in cause number 1202364D, Appellant was convicted of evading arrest/detention with a vehicle and a previous conviction and sentenced to eighteen years in the Texas Department of Criminal Justice - Institutional Division.  The trial court ordered that the sentences in all six cause numbers run concurrently.

**FACTUAL BACKGROUND**

On August 27, 2009, Appellant was arrested by officers of the River Oaks Police Department after breaking into vehicles and stealing property. When Appellant was searched he was found to be in possession of a credit card and a debit card which he had stolen from the vehicles. He admitted during his guilty plea that he possessed the debit card without the permission of its lawful owner and with the intent to use the card and deprive the lawful owner of its use.[2]

On November 23, 2009, Sergeant Chris Spieldenner of the River Oaks Police Department received a crime stoppers tip reporting that Appellant was counterfeiting money. The person who made the report also named a 7-Eleven location where Appellant had allegedly passed a counterfeit bill. Sergeant Spieldenner went to the 7-Eleven to follow up on the tip. He found a counterfeit twenty dollar bill at the location, and, via the 7-Eleven's surveillance videos, he was able to verify that Appellant was the person who passed the bill.[3]

On or about November 29, 2009, Officer Dustin Moren of the River Oaks Police Department, investigated the burglary of a CVS Pharmacy.[4] Officer Moren was dispatched to the CVS Pharmacy after an alarm alerted. When the officers arrived, they noticed "that the

---

[2] These facts relate to appellate cause number 08-11-00224-CR (trial court cause number 1170812D) in which Appellant was charged, and pled guilty to, debit card abuse.

[3] These facts relate to appellate number 08-11-00225-CR (cause number 1183239D), in which Appellant pled guilty as charged to forgery of a government instrument. The indictment charging Appellant with forgery of a government instrument (08-11-00225-CR), as well as the indictment in appellate case number 08-11-00229-CR which charged Appellant with evading arrest or detention with a motor vehicle both included the same repeat offender notice. Both repeat offender notices alleged that Appellant had been previously convicted of the felony offense of robbery by threats in cause number 927516D. Appellant pled true as to the charges in the enhancement paragraph. At the hearing, Appellant admitted to his prior conviction for robbery by threat. Sergeant Spieldenner also testified to the facts related to Appellant's prior conviction for robbery by threats. Specifically, he testified that Appellant was discovered burglarizing a shed or garage behind a residence. The homeowner caught Appellant and attempted to restrain him within the structure until the police arrived. Appellant informed the home owner that he had a gun and would shoot him, if the home owner did not let him go.

[4] These facts relate to appellate number 08-11-00226-CR (cause number 1183500D), in which Appellant pled guilty as charged to burglary of a building.

drive-through window to the business was pried open and one of the window panes was missing out of it." The alarm company advised the officers that they were not certain as to whether the suspect had left the building. The officers initially set up a perimeter around the building. After the alarm company reviewed their surveillance video, a representative informed the police that the suspect had in fact left the building and that he was wearing "a dark colored hoody, orange hat, [and] blue jeans." The officers proceeded to enter and secure the building. Once inside the building, the officers found several empty prescription bins. The pharmacist provided a list of prescriptions which had been filled and the officers used the list to determine exactly which prescriptions were stolen.

On June 6, 2010 at approximately 5:23 a.m., Officer Thomas Berrettini of the Azle Police Department observed an older model blue and white Chevrolet pickup truck pull out of a closed service station.[5] As he drove past the truck, he witnessed the truck's tires spin, and then the vehicle accelerated rapidly.[6] Officer Berrettini activated his emergency lights and sirens and attempted to pull the vehicle over but the driver of the truck, later identified as Appellant, refused to stop. Instead, Appellant continued to accelerate his speed, reaching approximately 100 mph. During the pursuit, Officer Berrettini witnessed Appellant run multiple stop signs and drive down the wrong side of the road for about a quarter of a mile. Two other officers, Officer Thomson and Officer Krueger, later joined the pursuit. However, despite three marked cars in pursuit, Appellant continued to flee.

Each of the officers testified that they witnessed Appellant run through red lights, travel

---

[5] The series of events occurring on June 6, 2010 led to the indictments, guilty pleas, and convictions in three separate cases (including the instant case): (1) appellate number 08-11-00227-CR - unauthorized use of a vehicle; (2) appellate number 08-11-00228-CR - evading arrest/detention with a previous conviction; and (3) appellate number 08-11-00229-CR - evading arrest/detention with a vehicle and a previous conviction.

[6] According to Officer Berrettini, spinning tires is against the Azle city ordinance.

3

at speeds between 90 and 100 mph, weave in and out of traffic, and nearly cause several major accidents. Eventually Appellant entered the median and began to drive on the unpaved portion of the highway. He continued for approximately a quarter of a mile before he lost control of his vehicle. According to Officer Berrettini, "he spun to the side, and the vehicle proceeded to roll over several times." Officer Berrettini then witnessed Appellant climb out the driver's side window of the truck and begin to flee on foot. The passenger in Appellant's vehicle (later identified as Appellant's sister) also fled the vehicle.

The officers continued to chase Appellant and his sister on foot. Eventually, both people were apprehended and taken into custody. Officer Berrettini testified that he later discovered that the truck had been reported stolen.

## ADMISSION OF EVIDENCE AT PUNISHMENT PHASE

In a single issue on appeal, Appellant argues that the trial court abused its discretion by admitting State's Exhibit 19 into evidence during punishment. Exhibit 19 is a photograph of Appellant's chest tattoo which reads, "murder is my motive."

### *Preservation of Error*

Initially, we address the State's contention that Appellant failed to preserve his complaint because his argument on appeal does not comport with his objection at trial. It is undisputed that, during the punishment phase, Appellant objected to the admission of the photo at trial on the basis of relevance under Texas Rule of Evidence 401. *See* TEX.R.EVID. 401. However, despite Appellant's single objection at trial, Appellant's argument on appeal can be divided into two separate complaints, based on separate rules of evidence - Rule 401 and Rule 403. On the one hand, Appellant contends that the trial court erred in overruling his relevance objection to the photograph because the photograph simply was not relevant. Specifically, Appellant contends

4

that because he was not charged with murder, the tattoo's "inflammatory reference to 'murder' was not relevant to the circumstances involved." On the other hand, Appellant also argues that the trial court abused its discretion because, "[t]he minimal probity, if any, from the photograph depicting [Appellant's] tattoo was substantially outweighed by the prejudice." This second portion of Appellant's argument is based on Texas Rule of Evidence 403 which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

TEX.R.EVID. 403. According to the State, Appellant failed to preserve the portion of his argument relating to Rule 403 because he objected only to the relevance of the photo at trial. We agree.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely and specific request, objection, or motion. TEX.R.APP.P. 33.1(a)(1). At no point did Appellant object to the prejudicial value of the photos under Rule 403. Accordingly, to the extent Appellant complains on appeal that the photo's probative value was outweighed by the danger of unfair prejudice, such argument was not preserved for appeal. TEX.R.APP.P. 33.1(a)(1); *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Crim.App. 1990)(holding that after the court overruled defendant's Rule 404(b) objection, a further objection under Rule 403 was required to preserve error); *see also Avendano v. State*, No. 08-06-00072-CR, 2008 WL 2967012, at *5 (Tex.App.--El Paso July 31, 2008, no pet.)(not designated for publication)(where appellant only raised a relevancy objection with respect to the admission of a photograph, he failed to preserve his argument based on Rule 403 for appellate review).

*Relevance*

The trial court has broad discretion to determine the admissibility of evidence at the punishment phase of trial. *Cooks v. State*, 844 S.W.2d 697, 735 (Tex.Crim.App. 1992). Accordingly, we review a trial court's decision to admit or exclude evidence during the punishment phase of a trial under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App. 1996).

During the punishment phase, "the jury is concerned . . . with evaluating a defendant's background and character independent of the commission of the crime on trial." *Sparkman v. State*, 580 S.W.2d 358, 360 (Tex.Crim.App. 1979). [Emphasis removed]. Texas Code of Criminal Procedure article 37.03, section 3 addresses this concern and provides:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(a)(1)(West 2006).

At the punishment phase of a criminal trial, evidence may be presented as to any matter that the court deems relevant to sentencing, including evidence of the defendant's background or character. TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(a)(1); TEX.R.EVID. 401. Admissibility of evidence at punishment is more a matter of policy than of "logical relevance." *Ellison v. State*, 201 S.W.3d 714, 719 (Tex.Crim.App. 2006). Determining what is relevant is a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999). A defendant's

choice of tattoos is some evidence of his character. *Conner v. State*, 67 S.W.3d 192, 201 (Tex.Crim.App. 2001). Here, the photograph was relevant to character. *See Woodward v. State*, 170 S.W.3d 726, 728 (Tex.App.--Waco 2005, pet. ref'd); *Conner*, 67 S.W.3d at 201 (Tex.Crim.App. 2001). Therefore, the trial court did not err in admitting evidence of Appellant's tattoos. We overrule Issue One and affirm the trial court's judgment.


July 31, 2013
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)