**Opinion filed June 30, 2016**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00189-CR

_____

## MICHAEL EARL BLUE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25099A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Michael Earl Blue of the felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2015). After finding the two enhancement paragraphs to be true, the trial court assessed Appellant's punishment at confinement for a term of twenty-five years.[1] We modify and affirm.

---

[1]We note that the trial court's judgment inaccurately reflects the degree of the offense and the information regarding the second enhancement allegation.

Officer Matthew Allen of the Abilene Police Department testified that he observed Appellant driving dangerously by swerving in and out of the direct lanes of traffic without using his blinker and by "straddling the dash line" in the middle of the road. Officer Allen believed that "this was a safety issue" and, therefore, initiated a traffic stop. When Officer Allen began talking to Appellant at Appellant's driver's side window, Officer Allen noticed that Appellant's eyes were red and watery; Appellant appeared impaired. Appellant agreed to perform field sobriety tests. The State played a video of the traffic stop, including Appellant's performance of the field sobriety tests, for the jury. Based on Appellant's performance, Officer Allen believed that Appellant was intoxicated and placed him under arrest. Appellant also consented to giving a breath sample. The evidence at trial showed that Appellant's breath alcohol concentration was 0.104, which correlated to a blood alcohol concentration of approximately 0.11. A search of Appellant's car produced three cold beer cans, two of which had been opened and mostly consumed, and an empty cardboard container for beer bottles. Appellant admitted to Officer Allen that he was guilty.

Appellant presents five issues for our review. In his first issue, he asserts that the trial court erred when it failed to disqualify one of the venirepersons for cause or, in the alternative, that Appellant's defense counsel was ineffective when he failed to strike the venireperson. Appellant argues in his second issue that the trial court erred when it admitted the video of the traffic stop because the State failed to properly authenticate it and because it was illegally obtained. In his third issue, Appellant contends that the trial court erred when it overruled Appellant's objections to the State's use of argumentative and inflammatory language attributed to the defendant during questioning. Appellant alleges in his fourth issue that the trial court erred when it denied Appellant's request to instruct the jury regarding the exclusion of illegally obtained evidence pursuant to Article 38.23 of the Texas Code of

2

Criminal Procedure. And, in his fifth issue, Appellant asserts that the trial court erred when it overruled Appellant's objection to the State's improper jury arguments.

We will first address the issues that concern the admission of the audio portion of the video and the requested jury instruction regarding the evidence obtained from the traffic stop. Prior to the admission of the video, Officer Allen testified that he had reviewed the video but that he was not able to review the audio portion of the video because the machine that he watched it on did not have sound. Officer Allen responded, "Yes, sir," when asked whether both the audio and video were an accurate reproduction of what he saw that night. He also responded that the system did not have editing capability. After confirming that Officer Allen did not listen to the audio portion of the video, defense counsel objected to the admission of the audio portion. The trial court overruled counsel's objection.

Texas Rule of Evidence 901(a) provides that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." One of the ways in which a proponent can satisfy the requirement is by offering testimony from a witness who has knowledge of what the item is and who testifies that the item is what it is claimed to be. TEX. R. EVID. 901(b)(1). If the proponent produces evidence sufficient to support a finding of authenticity, the trial court should admit the proffered evidence. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Whether an item actually is what its proponent claims it to be is a question for the factfinder. *Id.* We review a trial court's ruling on the admissibility of evidence for an abuse of discretion and will not interfere with that ruling unless it is outside the "zone of reasonable disagreement." *Id.* (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

Here, Officer Allen testified that he reviewed State's Exhibit No. 1 and that it was an accurate reproduction of what he witnessed on the night in question. Although Officer Allen was not able to review the audio portion of the video prior to its admission, he testified that he did not have any editing capability. In addition, while the prosecutor played the video for the jury, Officer Allen described what was happening and discussed the different statements made by Appellant throughout the video. Officer Allen's explanation of the events as they unfolded on the video further supports his testimony that the video was an accurate representation of what occurred when he stopped Appellant. Based on Officer Allen's testimony as a whole, we cannot say that the trial court abused its discretion when it admitted the video over Appellant's objection as to the video's authenticity. *See* TEX. R. EVID. 104(b) ("The court may admit the proposed evidence on the condition that the proof be introduced later."); *Tienda*, 358 S.W.3d at 638 ("The trial court should admit proffered evidence 'upon, or subject to the introduction of evidence sufficient to support a finding of' authenticity." (quoting former TEX. R. EVID. 104(b))).

Appellant also objected to the admission of the portion of the video, both audio and visual, from the point at which Officer Allen approached Appellant's driver's side window until the end of the video, on the ground that Officer Allen did not have sufficient cause to stop Appellant. Appellant does not argue that Officer Allen lacked probable cause to arrest him; therefore, we limit our review to whether Officer Allen had reasonable suspicion to conduct the traffic stop.

A temporary detention is lawful when it is supported by reasonable suspicion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Reasonable suspicion exists "when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity." *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *see also*

*Terry v. Ohio*, 392 U.S. 1, 21 (1968) ("[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."). In determining whether reasonable suspicion exists, we consider the totality of the circumstances under an objective standard. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The subjective intentions or motives of the officer are irrelevant to the determination. *Id.* Thus, we look to see whether the facts available to the officer at the moment of the detention would warrant a reasonably prudent officer to believe that the detention was appropriate. *Terry*, 392 U.S. at 22.

Section 545.060 of the Texas Transportation Code provides that a driver on a roadway divided into two or more clearly marked lanes for traffic shall drive as nearly as practical within a single lane and may not move from that lane unless the movement can be made safely. TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011). Section 545.104 requires a driver to "signal" when he is going to change lanes. *Id.* § 545.104(a). In addition to these traffic violations under the Transportation Code, a person's driving behavior, such as weaving back and forth across lanes of traffic, can support an officer's reasonable suspicion that a person is driving while intoxicated. *See, e.g.*, *Townsend v. State*, 813 S.W.2d 181, 185 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

Officer Allen testified that he saw Appellant swerve in and out of the direct lanes of traffic without using his blinker and saw him "straddl[e] the dash line" in the middle of the road. We have reviewed the video, and the video supports the officer's testimony. Furthermore, when Officer Allen approached Appellant and told him that he had been pulled over because he was driving in the middle of the road, Appellant acknowledged that he was driving in the middle of the road and explained that it was because he was "messing" with his stereo. Because the evidence supports a finding that Officer Allen had reasonable suspicion to detain

Appellant, the trial court did not err when it admitted the video. We overrule Appellant's second issue.

In Appellant's fourth issue, he alleges that the trial court erred when it denied his request for an Article 38.23 instruction. Article 38.23 provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). If there is a factual dispute as to whether the evidence was obtained in violation of the law, then the jury must be instructed to disregard the evidence if it believes that the evidence was obtained in violation of the law. *Id.*; *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012); *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). A fact issue regarding whether evidence was illegally obtained may be raised from any source, and the evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Garza*, 126 S.W.3d at 85.

Appellant contends that the video itself provides the basis for the factual dispute of whether Appellant was weaving between the lanes or straddling the line. However, the video of the stop, coupled with Officer Allen's testimony, shows that Appellant was driving in such a manner. Appellant did not testify in contradiction to the events, nor did Appellant offer any other evidence to contradict the events as described by Officer Allen. In fact, Appellant himself acknowledged that he was driving in the middle of the road. Appellant has failed to point to any evidence that shows that there is a factual dispute regarding whether Appellant "weaved outside the lane"; therefore, he was not entitled to an Article 38.23 instruction. The trial court did not abuse its discretion when it denied Appellant's request. Appellant's fourth issue is overruled.

6

Appellant's third issue is related to the statement of guilt that Appellant made to Officer Allen. During direct examination, the prosecutor asked the technical supervisor for the intoxilyzer whether the results of the intoxilyzer test would confirm Appellant's own statement that he was "guilty as a mother f----r." Appellant argues that the State's question was "clearly calculated to inflame the minds of the jury" and that, because the trial court did not sustain the objection and instruct the jury to disregard, the error was reversible. In its brief, the State responds that, "[e]ven if this was an improper question[,] it will not constitute reversible error unless the question results in obvious harm to the accused." *See Patheal v. State*, No. 11-13-00179-CR, 2015 WL 1569932, *3 (Tex. App.—Eastland Apr. 2, 2015, no pet.) (mem. op., not designated for publication) ("The mere asking of an improper question will not constitute reversible error unless the question results in obvious harm to the accused." (quoting *Brown v. State*, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985))). Here, we cannot say that the question, even if improper, resulted in obvious harm to Appellant. The prosecutor referred to the language as Appellant's own words when he asked the witness, "Would it confirm [Appellant's] own statement that he was guilty as a mother f----r?" Appellant's statement that he was "guilty as a mother f----r" was already before the jury. The State had previously presented the video recording of the traffic stop and subsequent arrest in which Appellant twice made this statement. Therefore, Appellant's third issue is overruled.

In his first issue, Appellant argues that the trial court erred when it failed to disqualify one of the venirepersons for cause. During voir dire, the State asked several venirepersons whether they would be able to convict a person who gave a breath specimen that had a BAC of over 0.08 but who was still able to function "perfectly well." In response, Venireperson Natalie Bagley stated, "I have no tolerance for driving and drinking, period, whether it's .01 or .08. I don't care if they're functioning or not, who's to say that they are or not?" Defense counsel

subsequently asked her if she could find a person not guilty if the State did not prove the case beyond a reasonable doubt, and she agreed that she could. Appellant did not move to strike Venireperson Bagley for cause, nor did Appellant exclude Venireperson Bagley with one of his peremptory strikes. The trial court seated Venireperson Bagley as the twelfth juror. No objection to Venireperson Bagley serving on the jury was made.

Appellant's argument on appeal appears to be that rehabilitation was not an option, that Venireperson Bagley was disqualified as a matter of law, and that, therefore, the trial court should have disqualified Venireperson Bagley. A trial court has no duty to sua sponte dismiss an unchallenged venireperson for cause unless the venireperson is absolutely disqualified. *Green v. State*, 764 S.W.2d 242, 246 (Tex. Crim. App. 1989). A venireperson is absolutely disqualified when the person has been convicted of theft or any felony, is under indictment or other legal accusation for theft or any felony, or is insane. *Id.* (citing CRIM. PROC. arts. 35.16, 35.19 (West 2006)). The record does not show that any of these reasons for disqualification existed as to Venireperson Bagley or any other venireperson. The State or the defense may challenge a juror for cause if "the juror has a bias or prejudice in favor of or against the defendant." CRIM. PROC. art. 35.16(a)(9). However, a trial court does not have the authority to sua sponte excuse a disqualified juror for cause. *Green*, 764 S.W.2d at 246. Therefore, because Appellant did not move to strike Venireperson Bagley for cause, we cannot say that the trial court erred. The trial court did not have a motion on which to rule. Thus, Appellant has waived this argument for appeal. *See* TEX. R. APP. P. 33.1.

In the alternative, Appellant asserts that his defense counsel was ineffective when he "failed to strike Bagley or object to her being seated on the jury after the trial court failed to disqualify her for bias." In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first

8

determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Here, Appellant has not shown that his defense counsel's representation fell below an objective standard of reasonableness because, even if his counsel had moved to strike Venireperson Bagley for cause, his counsel's motion would have been futile due to the fact that defense counsel himself had rehabilitated Venireperson Bagley. When defense counsel asked Venireperson Bagley if she could find a person not guilty if the State failed to prove its case beyond a reasonable doubt, Venireperson Bagley agreed that she could. Therefore, Venireperson Bagley agreed that she could follow the law despite her personal lack of tolerance for drinking and driving. *See Barefoot v. State*, 596 S.W.2d 875, 884–85 (Tex. Crim. App. 1980) ("It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." (quoting *Murphy v.*

9

*Florida*, 421 U.S. 794, 800 (1975))). Venireperson Bagley was rehabilitated when she agreed that she could follow the law. Thus, a motion to strike Venireperson Bagley, or any further objection to Venireperson Bagley being seated on the jury, would have been futile. In addition, the record is silent as to why defense counsel decided not to challenge or strike Venireperson Bagley. Thus, we cannot conclude that trial counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (holding that first prong of *Strickland* was not met when record was silent as to defense counsel's reasons for deciding not to challenge or strike veniremember). Furthermore, Appellant has not shown that the outcome would have been different if defense counsel had moved to strike Venireperson Bagley for cause and the trial court had granted defense counsel's motion or if defense counsel had exercised a peremptory strike on Venireperson Bagley. Appellant fails to point to who the next eligible juror would have been or demonstrate that the new juror would have reached a different verdict based on the evidence that Appellant's breath alcohol concentration was 0.104, that Appellant's blood alcohol concentration would have been approximately 0.11, and that Appellant admitted to being "drunk." Therefore, Appellant has failed to establish either prong of *Strickland*. We overrule Appellant's first issue.

In his final issue, Appellant contends that the trial court erred when it overruled his objection to the State's improper arguments. During closing, the prosecutor made the following argument:

> I have stood before 12 people on many occasions and brought you a murderer. I have stood here on many occasions and brought you a rapist. I have stood here on many occasions and brought you horrible individuals. Today though I bring you what I call a sleeper. You know what that is? A sleeper to me is a person that you would see out in society that doesn't look like a criminal. Doesn't show signs of a criminal. Doesn't show indications of [wrongdoing]. You know why

I call it a sleeper? Because that's the person I fear. I will face the devil and the murderers' eyes any day, more than I will --

Defense counsel interjected and objected to the prosecutor "talking about I, making it personal." He further objected that the prosecutor's argument "violates the Defendant's right to have a fair trial under the Texas Constitution and the United States Constitution." The State alleges that Appellant did not properly preserve error for the argument on which he appeals. Specifically, the State argues that Appellant's objection occurred when the prosecutor stated, "I will face the devil and the murderers' eyes any day, more than I will --," and that Appellant did not preserve for error any of the prosecutor's other statements in which he used the word "I." We agree that Appellant did not timely object to the beginning of the prosecutor's closing argument; therefore, Appellant has preserved nothing for our review in regard to the first part of the prosecutor's argument. *See* TEX. R. APP. P. 33.1.

In addition, we note that Appellant did not explain his "making it personal" objection with any specificity. Assuming that defense counsel's objection was made with sufficient specificity to make the trial court aware that defense counsel was objecting on the ground that the prosecutor was making an improper jury argument when he stated that he would rather face the devil and murderers and assuming that the prosecutor's argument was improper, we hold that the alleged error was harmless. Pursuant to Texas Rule of Appellate Procedure 44.2(b), a nonconstitutional error is not reversible error unless it affects a substantial right of the defendant. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). To determine whether an improper jury argument is harmful, we balance three factors: (1) the severity of the misconduct or its prejudicial effect; (2) the curative measures that were taken; and (3) the certainty of conviction absent

the misconduct. *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). The State concedes that the first two factors weigh in favor of Appellant. We note that, while there were no curative instructions due to the trial court's ruling on Appellant's objection, the prosecutor quickly moved on to discuss the evidence presented at trial that showed that Appellant was guilty of felony DWI. As to the third factor, the State argues that the certainty of conviction weighs heavily against Appellant. We agree. The evidence showed that Appellant's breath alcohol concentration was 0.104 and that his blood alcohol concentration would have been approximately 0.11, which was above the legal limit. Additionally, Appellant admitted to being "drunk" and to being guilty numerous times while he was in police custody. Therefore, even if the trial court erred when it overruled Appellant's objection, we cannot say that the alleged error affected Appellant's substantial rights. Appellant's fifth issue is overruled.

We modify the judgment of the trial court to reflect that the degree of the offense in this case was a third-degree felony, not a second-degree felony, and that the trial court found the second enhancement/habitual paragraph to be true. As modified, we affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

June 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.