

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00164-CR

_____

TIMOTHY LEON LUECK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 15-25575

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Timothy Leon Lueck's verbal confrontation with Rodolfo (Rudy) Esquivel escalated into a physical altercation in which Lueck cut Rudy's foot with a knife. A Fannin County jury found Lueck guilty of aggravated assault[1] and found that he had used a deadly weapon in the commission of the offense. After finding the State's enhancement allegations to be true, the jury assessed punishment at ninety-nine years' imprisonment. In this appeal, Lueck contends (1) that the trial court erred (a) in admitting a recorded recollection without the State first laying a proper foundation,[2] and (b) in admitting records during the punishment phase in violation of the Confrontation Clause, and (2) that the State violated his right to remain silent during its opening statement in the punishment phase. Since we find that Lueck has not preserved his complaints for appeal,[3] we affirm the trial court's judgment.

A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). As stated in *Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009),

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

[2]In this point of error, Lueck claims that his conviction was "in violation of the Confrontation Clause of the Constitution." However, his argument supporting this point of error only addresses the error as a violation of Rule 803(5) of the Texas Rules of Evidence, and he analyzes harm under the standard for non-constitutional harm. *See* TEX. R. APP. P. 44.2. Therefore, we construe his point of error as only asserting a violation of Rule 803(5). Further, to the extent Lueck asserts that his conviction violated the Confrontation Clause, it does not comport with the objection made at trial and therefore, presents nothing for our review. *Douglas v. State*, 489 S.W.3d 613, 629 (Tex. App.—Texarkana 2016, no pet.).

[3]"Preservation of error is a systemic requirement on appeal. If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue. Ordinarily, a court of appeals should review preservation of error on its own motion." *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009) (citations omitted).

> Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

*Resendez*, 306 S.W.3d at 312 (quoting TEX. R. APP. P. 33.1(a)(1)(A)). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint." *Id.* As explained in *Resendez*,

> Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

In his first point of error, Lueck complains that the trial court erred in admitting the recorded recollection of Bobby Pless, Lueck's father-in-law, because the State failed to lay the proper predicate for its admissibility under 803(5). *See* TEX. R. EVID. 803(5). Specifically, Lueck argues, "Mr. Pless could not read or write and did not validate the statement as his own beyond noting that his mark was on the statement." By contrast, at trial, Lueck objected, "Your Honor, it's hearsay. It's not a recorded recollection. This witness didn't record it. Officer Gentry recorded this document." The question before us is whether Lueck's objection at trial comports with his first point of error on appeal.

The introduction of evidence as an exception to the hearsay rule is a three-step process. First, "[t]he proponent of hearsay [evidence] must point to a hearsay exception before the court

can admit such testimony." *Bryant v. State*, 282 S.W.3d 156, 163 (Tex. App.—Texarkana 2009, pet. ref'd) (quoting *Taylor v. State*, 263 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2007), *aff'd by* 268 S.W.3d 571 (Tex. Crim. App. 2008)). Second, "[t]he proponent of hearsay [evidence] has the burden of laying the proper predicate and establishing its admissibility." *Id*. Finally, "[t]he trial court must then determine the applicability of the proffered justification for the admission of hearsay testimony . . . ." *Id*.

A witness statement can constitute a recorded recollection, even if the statement is written by an officer, if "the witness acknowledge[s] his signature on the statement, and the officer [testifies that] the witness read the statement after the officer typed it and before the witness signed it." *Spearman v. State*, 307 S.W.3d 463, 471 (Tex. App.—Beaumont 2010, pet. ref'd). Lueck's objection itself established that Officer Gentry wrote the statement for the witness. Accordingly, there was enough information for the trial court to determine that the document was a recorded recollection. The only question remaining at that point was whether the State laid the predicate necessary to establish that "the witness acknowledged his signature on the statement, and . . . [that] the witness read the statement after the officer typed it and before the witness signed it." *Id*.

We have previously held that a hearsay objection at trial is not sufficient to preserve an error based on alleged failure to lay a proper predicate on appeal. *See Saddler v. State*, No. 06-14-00016-CR, 2015 WL 293313, at *4 (Tex. App.—Texarkana Jan. 23, 2015, pet. ref'd) (mem. op., not designated for publication) ("At trial, Saddler objected on the ground of hearsay; on appeal, he contends, instead, that the State failed to lay the proper predicate for the introduction of the evidence. Therefore, Saddler failed to preserve this issue for our review."); *see also Bird v. State*,

4

692 S.W.2d 65, 70 (Tex. Crim. App. 1985) (objection of improper predicate preserves nothing for appellate review unless opponent informs trial court how predicate is deficient). Because Lueck merely objected that the document was hearsay because it was recorded by Officer Gentry rather than the witness, his objection did not notify the trial court that he believed the State failed to lay a proper predicate. Accordingly, Lueck's point of error on appeal does not comport with his hearsay objection at trial. Consequently, Lueck failed to preserve this point of error.

In his third point of error, Lueck complains that the trial court erred during the punishment phase when it admitted records that violate the Confrontation Clause. At trial, when the State offered Lueck's prison and parole records, Lueck objected "to confrontation as to individual instances of offense conduct within the records," which was overruled by the trial court. Later, Lueck objected to the same records on confrontation grounds "as to narratives and records of misconduct within the report" and asked for a running objection. The trial court overruled his objection, but granted the running objection.

"To preserve error concerning a proffer of evidence containing both admissible and inadmissible material, the objection must specifically reference the inadmissible material." *Eldred v. State*, 431 S.W.3d 177, 185 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Willover v. State*, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002); *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995)); *see Brown v. State*, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985). Since Lueck failed to specifically point out the objectionable portions of the records to the trial court, his objection was not sufficient to preserve this issue for our review. *See Brown*, 692 S.W.2d at 501.

In his second point of error, Lueck complains that the State violated his right to remain

5

silent during its opening argument at the punishment phase. In its opening argument, the State argued,

> Now, the things you can consider in this proceeding are just quite a few things. You can consider everything that was in the first phase of the trial, all of the evidence, everything that happened to Rudy, and all of the witnesses, everything. You can also consider the defendant's remorse, which you'll see in this case there is none.

Lueck timely objected to the State's comment on his right to remain silent, and his objection was sustained by the trial court. Lueck then asked the trial court to instruct the jury to disregard the State's statement, and the trial court so instructed the jury. Lueck made no other request of the trial court.

Lueck argues that since he did not testify, the State's comment concerning his lack of remorse constituted an impermissible comment on his failure to testify during the trial, citing *Swallow v. State*, 829 S.W.2d 223 (Tex. Crim. App. 1992), *overruled on other grounds by Randolph v. State*, 353 S.W.3d 887 (Tex. Crim. App. 2011). However, in both *Swallow* and *Randolph*, the defendant received an adverse ruling on its objection to the State's comment on the defendant's failure to testify. *See Swallow*, 829 S.W.2d at 225; *Randolph*, 353 S.W.3d 890. In this case, Lueck did not receive an adverse ruling on his objection. "Before an appellant will be permitted to complain on appeal about an erroneous jury argument, he must show that he timely and properly objected to the argument and pursued his objection to an adverse ruling." *Simmons v. State*, 100 S.W.3d 484, 494 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). Pursuing an objection to an adverse ruling generally follows the pattern of (1) making a timely, specific objection, (2) requesting an instruction to

6

disregard, and (3) moving the trial court for a mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Although it is not essential to follow this pattern to preserve a complaint for appellate review, it is essential that the appellant make "a timely, specific request that the trial court refuses." *Id.* (citing TEX. R. APP. P. 33.1(a)). In this case, none of Lueck's requests were refused by the trial court. Consequently, he has not preserved this issue for our review.

For the reasons stated above, we affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     July 3, 2017
Date Decided:       July 20, 2017

Do Not Publish